# UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| FEDERAL ENERGY REGULATORY | ) | |
| COMMISION, | ) | |
| | ) | Civ. Action No. 2:16-cv-732 |
| Plaintiff, | ) | |
| | ) | |
| -v.- | ) | Judge Michael Watson |
| | ) | |
| COALTRAIN ENERGY, L.P., PETER | ) | Magistrate Judge Jolson |
| JONES, SHAWN SHEEHAN, ROBERT | ) | |
| JONES, JEFF MILLER, AND JACK WELLS, | ) | **Jury Demand Endorsed Hereon** |
| | ) | |
| Defendants. | ) | |

## ANSWER AND JURY DEMAND OF DEFENDANTS
## PETER JONES, ROBERT JONES AND JACK WELLS

Defendants Peter Jones, Robert Jones and Jack Wells (the "Defendants"), by counsel,

hereby answer and provide their defenses to the July 27, 2016 Petition for an Order Affirming

the Federal Energy Regulatory Commission's ("Commission") May 27, 2016 Order Assessing

Civil Penalties Against Coaltrain Energy, L.P., Peter Jones, Shawn Sheehan, Robert Jones, Jeff

Miller, and Jack Wells (the "Complaint").

While the Commission styled its submission as a "Petition," this Court properly has

treated it as a Complaint and this Answer will do so as well.[1]  Likewise, the Commission's

---

[1] *FERC v. Coaltrain Energy*, No. 2:16-cv-732, slip op. at 1 n.1 (S.D. Ohio Mar. 30, 2018) ("Opinion").  Because the Commission structured its pleading as a petition rather than as a complaint, and because it sought review of the administrative record rather than *de novo* review of the facts and the law, the pleading is laden with legal conclusions to which a response is not required pursuant to the Federal Rules of Civil Procedure, as well as information that is immaterial to the claims pled, including references to, and characterizations of the statements in, the Commission's underlying orders and a series of quotations and paraphrases from them. Defendants are not required to answer such material, and deny such material to the extent an answer is deemed necessary.  As to all of the Commission's purported findings, Defendants further deny any implication that the Commission's deliberation was a balanced adversarial

Footnote continued on next page

allegations were made as to "Respondents," but, having determined the action is a civil action subject to the Federal Rules of Civil Procedure, the Court in the Opinion employed, and thus this Answer employs, the term Defendants.  "Defendants" for purposes of this pleading include three of the six persons or entities against whom or which the Complaint was filed.[2]

Unless specifically admitted herein, the Defendants deny all of the allegations made in the Complaint.  Moreover, any admission as to a factual allegation does not equate with an admission to any conclusion reached or any other characterization made relating to such factual allegation in the Complaint.

The Commission included headings in the Complaint.  These headings do not contain factual allegations and thus do not require a response pursuant to Fed. R. Civ. P. 8(b).  Defendants will employ the section headings from the Complaint in this Answer for ease of reference.

As to the introductory paragraph of the Complaint, Defendants note it is immaterial and no response is required.  To the extent a response is required, Defendants deny the allegations.

---

Footnote continued from previous page

proceeding before an objective arbiter of fact, as Defendants did not have the opportunity to propound discovery requests, conduct depositions, cross-examine witnesses, or otherwise appear in person before the Commissioners.

[2] The Commission also did not plead the Complaint with specificity.  It consistently uses the vague term "Respondents," which encompasses six separate persons or entities, without specifying whether the allegation applies to all or less than all of the defendants, and if less than all, how many and which ones.  The identities of the parties covered by a particular allegation are foundational information that is necessary to enable to enable Defendants to admit or deny the corresponding allegation.  Even with such specificity, Defendants still likely would lack necessary information to admit or deny allegations directed at other defendants.  All that said, Defendants can answer as to themselves and will assume that the references to "Respondents" in all cases include them.  On that doubtlessly overbroad assumption, Defendants will admit or deny the allegations in the Complaint as if their individual names were inserted in place of the term "Respondents."

## SUMMARY OF THE ACTION

1. Defendants admit that the Commission's Office of Enforcement conducted an investigation and that the Commission thereafter publicly issued an Order to Show Cause, to which they and other defendants filed a public response, which led to the Commission's later issuance of the May 27, 2016 Order.  Defendants deny that the Commission's findings were accurate.  By way of further Answer, the Commission's findings are a writing that speaks for itself.  All characterizations thereof are denied.

2. Defendants lack sufficient knowledge and information with regard to the allegations in sentence one, and therefore deny them.  The allegations in this paragraph are immaterial, and no response is required.  To the extent a response is required, Defendants deny the allegations.  Defendants deny that the Commission's findings were accurate. By way of further Answer, the Commission's findings and the Jones Affidavit are writings that speak for themselves.  All characterizations thereof are denied.

3. The first sentence is immaterial, and no response is required.  To the extent a response is required, Defendants deny the allegations.  The second sentence does not pertain to Defendants, and no response is required.  Defendants have insufficient knowledge and information to answer sentence three, and therefore deny it.  Defendants deny the remaining allegations of this paragraph.   By way of further Answer, the Commission's findings are a writing that speaks for itself.  All characterizations thereof are denied.

4. Defendants have insufficient knowledge and information to confirm that the allegations in paragraph 4 represent an accurate and complete description of the facts, and they therefore deny the allegations in this paragraph.

5. Defendants have insufficient knowledge and information to confirm that the allegations in sentence one represent an accurate and complete description of the facts, and they therefore deny the allegations.  As to the balance of this paragraph, the Commission order speaks for itself; the Defendants deny that the Commission's findings were accurate.

6. Defendants admit that, as allowed by the Federal Power Act, they did not pay the penalty or disgorgement amounts sought by the Commission in the Order, or seek further agency deliberations, instead electing *de novo* review in federal court.  Defendants otherwise deny paragraph 6.  By way of further Answer, the Federal Power Act speaks for itself.  All characterizations and legal conclusions are denied.

## PARTIES

### A.   Petitioner

7. There is no allegation against Defendants in this paragraph and thus no response is required. To the extent a response is required, Defendants do not have sufficient information or knowledge to confirm that this is a complete and accurate description of the statute, and therefore deny the statements in this paragraph.

### B.   Respondents

8. Defendants deny all allegations in this paragraph.

9. Peter Jones admits the allegations in the first sentence of this paragraph and denies the remaining allegations of the paragraph.  This paragraph contains no allegation as to Robert Jones or Mr. Wells and they are not required to respond.

10. This paragraph does not contain any allegation against Defendants, and a response is not required.  To the extent a response is required, the allegations are denied for want of knowledge.

11. Robert Jones admits the first sentence and denies the balance of the paragraph. This paragraph contains no allegation as to Peter Jones or Mr. Wells and they are not required to respond.

12. This paragraph does not contain any allegation against Defendants, and a response is not required. To the extent a response is required, the allegations are denied for want of knowledge.

13. Mr. Wells admits the first sentence and denies the rest of the paragraph. This paragraph contains no allegation as to Peter Jones or Robert Jones and they are not required to respond.

## JURISDICTION AND VENUE

14. This paragraph sets forth a legal conclusion as to which no response is required. To the extent a response is deemed required, Defendants deny the paragraph.

15. Defendants admit that the Court determined that venue was appropriate but otherwise deny the allegations of this paragraph.

## THE COMMISON'S ANTI-MANIPULATION AUTHORITY

16. This paragraph does not advance any allegations against Defendants, and no response is required. To the extent a response is deemed required, Defendants do not have sufficient information or knowledge to confirm that this is a complete and accurate description of the matters discussed, and therefore deny the statements in this paragraph.

17. This paragraph does not advance any allegations against Defendants, and no response is required. To the extent a response is deemed required, Defendants do not have sufficient information or knowledge to confirm that this is a complete and accurate description of the matters discussed, and therefore deny the statements in this paragraph.

18. This paragraph does not advance any allegations against Defendants, and no response is required. To the extent a response is deemed required, Defendants do not have sufficient information or knowledge to confirm that this is a complete and accurate description of the matters discussed, and therefore deny the statements in this paragraph.

19. This paragraph does not advance any allegations against Defendants, and no response is required. To the extent a response is deemed required, Defendants do not have sufficient information or knowledge to confirm that this is a complete and accurate description of the matters discussed, and therefore deny the statements in this paragraph.

20. This paragraph does not advance any allegations against Defendants, and no response is required. To the extent a response is deemed required, Defendants do not have sufficient information or knowledge to confirm that this is a complete and accurate description of the matters discussed, and therefore deny the statements in this paragraph.

21. This paragraph does not advance any allegations against Defendants, and no response is required. To the extent a response is deemed required, Defendants do not have sufficient information or knowledge to confirm that this is a complete and accurate description of the matters discussed, and therefore deny the statements in this paragraph.

22. This paragraph does not advance any allegations against Defendants, and no response is required. To the extent a response is deemed required, Defendants do not have sufficient information or knowledge to confirm that this is a complete and accurate description of the matters discussed, and therefore deny the statements in this paragraph.

23. This paragraph does not advance any allegations against Defendants, and no response is required. To the extent a response is deemed required, Defendants do not have sufficient

information or knowledge to confirm that this is a complete and accurate description of the matters discussed, and therefore deny the statements in this paragraph.

## PJM MARKET BACKGROUND

### A. PJM

24. This paragraph does not advance any allegations against Defendants, and no response is required. To the extent a response is deemed required, Defendants admit sentence one. Defendants, have insufficient information or knowledge to confirm that sentences two and four contain complete and accurate descriptions of the matters discussed, and therefore deny them. It is Defendants' understanding that PJM oversees the electricity markets in all or parts of 13 states plus the District of Columbia; they deny sentence three to the extent it implies otherwise.

25. This paragraph does not advance any allegations against Defendants, and no response is required. To the extent a response is deemed required, Defendants do not have sufficient information or knowledge to confirm that this is a complete and accurate description of the matters discussed, and therefore deny the statements in this paragraph.

26. This paragraph does not advance any allegations against Defendants, and no response is required. To the extent a response is deemed required, Defendants do not have sufficient information or knowledge to confirm that sentence one contains a complete and accurate description of the matters discussed, and therefore deny the statements in sentence one. Defendants agree the cited Order made the referenced statements, but deny that they are accurate and complete.

27.  This paragraph does not advance any allegations against Defendants, and no response is required.  To the extent a response is deemed required, Defendants deny the statements in this paragraph as vague, incomplete and inaccurate as pled.

28.  This paragraph does not advance any allegations against Defendants, and no response is required.  To the extent a response is deemed required, Defendants deny the statements in this paragraph as vague, incomplete and inaccurate as pled.

**B.     UTC Trading**

29. This paragraph does not advance any allegations against Defendants, and no response is required.  Defendants agree the cited Order made the referenced statements, but deny that they are accurate and complete and also deny on the basis that they have insufficient information and knowledge to confirm the accuracy of the information in this paragraph.

30. Deny.

31. Deny.

**C.     Marginal Loss Surplus Allocation ("MLSA")**

32.  Deny.

33. This paragraph does not advance any allegations against Defendants, and no response is required.  To the extent a response is deemed required, Defendants deny on the basis that they believe the information in this paragraph is over-generalized and inaccurate.

34.  Defendants have insufficient information and knowledge to confirm the accuracy of the first sentence and therefore deny it.  Defendants otherwise believe the information in this paragraph is not a complete and accurate description of the matters it purports to address, and therefore deny it.

**<u>PJM AND THE MARKET MONITOR DISCOVER THE SCHEME</u>**

35. Deny.

36. Deny.

37. Deny.

38. Defendants admit that meetings occurred in early August 2010 relating to PJM tariff changes relating to future marginal loss allocations, that PJM filed to amend its tariff on August 18, 2010, and that the Commission issued an order on that tariff filing on September 17, 2010, but Defendants otherwise deny the allegations in this paragraph.

## ENFORCEMENT'S INVESTIGATION

39. Deny.

40. Defendants deny this paragraph as overbroad, incomplete, and inaccurate.

41. Deny.

42. Defendants have insufficient knowledge and information to confirm the accuracy of the allegation in this paragraph and therefore deny it.

43. Defendants admit Enforcement sent the referenced letter but deny the accuracy of its findings.

44. The allegations in this paragraph are immaterial, and no response is required. To the extent a response is required, Defendants admit that they submitted a response to the Preliminary Findings letter on May 15, 2015, an oral supplemental response on September 10, 2015, and a written supplemental response on September 11, 2015. Defendants deny all remaining allegations.

45. The allegations in this paragraph are immaterial, and no response is required. To the extent a response is required, Defendants admit that the Commission issued a public Notice of Alleged Violations on September 11, 2015. Defendants deny all remaining allegations.

46. The allegations in this paragraph are immaterial, and no response is required.  To the extent a response is required, Defendants admit that FERC Enforcement sent the 1b.19 letter on September 18, 2015.  Defendants deny all remaining allegations.

47. The allegations in this paragraph are immaterial, and no response is required.  To the extent a response is required, Defendants admit that they submitted a response to the 1b.19 letter on October 19, 2015.

48. The allegations in this paragraph are immaterial, and no response is required.  To the extent a response is required, Defendants deny the allegations.

## THE COMMISSION'S SHOW CAUSE PROCEEDING

49. Defendants admit the Commission issued the referenced order on the date indicated and that the order speaks for itself, and includes legal conclusions to which no response is required, but deny the legitimacy and accuracy of the order and its contents.

50. This paragraph includes legal conclusions to which no response is required.  To the extent a response is deemed required, Defendants acknowledge they joined with other defendants in submitting a notice of election of *de novo* review on the date alleged, that they invoked FPA section 31(d)(3) in doing so, and that this election triggers district court review of the law and the facts *de novo*, precluding immediate enforcement by the Commission of any penalty recommendations.  Defendants otherwise deny the allegations in this paragraph.

51.  The allegations in this paragraph are immaterial, and no response is required.  To the extent a response is deemed required, Defendants admit that they submitted an answer to the Order to Show Cause on March 4, 2016, and that FERC Enforcement submitted a reply to

Coaltrain's answer on April 1, 2016. Defendants deny that their facts were arguments but admit the balance of this paragraph.

52. The allegations in this paragraph are immaterial, and no response is required. To the extent a response is required, Defendants admit that the Commission issued the Order on May 27, 2016. Defendants deny all remaining allegations. By way of further answer, the Order is a writing that speaks for itself. All characterizations are denied.

53. The allegations in this paragraph are immaterial, and no response is required. To the extent a response is required, Defendants admit that the Commission purported to assess civil penalties and disgorgement in the Order. Defendants deny all remaining allegations.

54. The allegations in this paragraph are immaterial, and no response is required. To the extent a response is required, Defendants deny the allegations.

## THE COMMISSION'S FINDINGS

### A. Respondents' Manipulative OCL Strategy

#### 1. Overview

55. Defendants admit the Order made the referenced statements, but deny the accuracy of the statements. By way of further answer, the Order is a writing that speaks for itself. All characterizations are denied.

56. The allegations in this paragraph are immaterial, and no response is required. To the extent a response is required, Defendants deny the allegations.

57. The allegations in this paragraph are immaterial, and no response is required. To the extent a response is required, Defendants deny the allegations.

58. The allegations in this paragraph are immaterial, and no response is required. To the extent a response is required, Defendants deny the allegations.

59. The allegations in this paragraph are immaterial, and no response is required.  To the extent a response is required, Defendants deny the allegations.

60. Denied.

61. The allegations in this paragraph are immaterial, and no response is required.  To the extent a response is required, Defendants deny the allegations.

62. The allegations in this paragraph are immaterial, and no response is required.  To the extent a response is required, Defendants deny the allegations.

63. The allegations in this paragraph are immaterial, and no response is required.  To the extent a response is required, Defendants deny the allegations.

64. The allegations in this paragraph are immaterial, and no response is required.  To the extent a response is required, Defendants deny the allegations. By way of further answer, the Order is a writing that speaks for itself.  All characterizations are denied.

65. The allegations in this paragraph are immaterial, and no response is required.  To the extent a response is required, Defendants deny the allegations. By way of further answer, the Order is a writing that speaks for itself.  All characterizations are denied.

## 2.       Respondents' Three Categories of OCL Strategy Trading

### a.       SouthImp-SouthExp

66. The allegations in this paragraph are immaterial, and no response is required.  To the extent a response is required, Defendants deny the allegations. By way of further answer, the Order is a writing that speaks for itself.  All characterizations are denied.

67. The allegations in this paragraph are immaterial, and no response is required.  To the extent a response is required, Defendants deny the allegations.

68. The allegations in this paragraph are immaterial, and no response is required.  To the extent a response is required, Defendants deny the allegations.

69. The allegations in this paragraph are immaterial, and no response is required.  To the extent a response is required, Defendants deny the allegations.

70. The allegations in this paragraph are immaterial, and no response is required.  To the extent a response is required, Defendants deny the allegations. By way of further answer, the Order is a writing that speaks for itself.  All characterizations are denied.

71. The allegations in this paragraph are immaterial, and no response is required.  To the extent a response is required, Defendants deny the allegations. By way of further answer, the Order is a writing that speaks for itself.  All characterizations are denied.

72. The allegations in this paragraph are immaterial, and no response is required.  To the extent a response is required, Defendants deny the allegations. By way of further answer, the Order is a writing that speaks for itself.  All characterizations are denied.

### b.     NCMPAImp-NCMPAExp

73. The allegations in this paragraph are immaterial, and no response is required.  To the extent a response is required, Defendants deny the allegations. By way of further answer, the Order is a writing that speaks for itself.  All characterizations are denied.

74. The allegations in this paragraph are immaterial, and no response is required.  To the extent a response is required, Defendants deny the allegations.

75. The allegations in this paragraph are immaterial, and no response is required.  To the extent a response is required, Defendants deny the allegations. By way of further answer, the Order is a writing that speaks for itself.  All characterizations are denied.

76. The allegations in this paragraph are immaterial, and no response is required.  To the extent a response is required, Defendants deny the allegations. By way of further answer, the Order is a writing that speaks for itself.  All characterizations are denied.

77. The allegations in this paragraph are immaterial, and no response is required. To the extent a response is required, Defendants deny the allegations. By way of further answer, the Order is a writing that speaks for itself. All characterizations are denied.

78. The allegations in this paragraph are immaterial, and no response is required. To the extent a response is required, Defendants deny the allegations. By way of further answer, the Order is a writing that speaks for itself. All characterizations are denied.

79. The allegations in this paragraph are immaterial, and no response is required. To the extent a response is required, Defendants deny the allegations. By way of further answer, the Order is a writing that speaks for itself. All characterizations are denied.

### c. 38 Other OCL Strategy Paths

80. The allegations in this paragraph are immaterial, and no response is required. To the extent a response is required, Defendants deny the allegations. By way of further answer, the Order is a writing that speaks for itself. All characterizations are denied.

81. The allegations in this paragraph are immaterial, and no response is required. To the extent a response is required, Defendants deny the allegations. By way of further answer, the Order is a writing that speaks for itself. All characterizations are denied.

82. The allegations in this paragraph are immaterial, and no response is required. To the extent a response is required, Defendants deny the allegations. By way of further answer, the Order is a writing that speaks for itself. All characterizations are denied.

83. The allegations in this paragraph are immaterial, and no response is required. To the extent a response is required, Defendants deny the allegations. By way of further answer, the Order is a writing that speaks for itself. All characterizations are denied.

84. The allegations in this paragraph are immaterial, and no response is required. To the extent a response is required, Defendants deny the allegations. By way of further answer, the Order is a writing that speaks for itself. All characterizations are denied.

### 3. Additional Findings Regarding The Manipulative Scheme

#### a. Respondents Had Notice That Their OCL Strategy Was Fraudulent

85. The allegations in this paragraph are immaterial, and no response is required. To the extent a response is required, Defendants deny the allegations. By way of further answer, the Order is a writing that speaks for itself. All characterizations are denied.

86. The allegations in this paragraph are immaterial, and no response is required. To the extent a response is required, Defendants deny the allegations. By way of further answer, the Order is a writing that speaks for itself. All characterizations are denied.

87. The allegations in this paragraph are immaterial, and no response is required. To the extent a response is required, Defendants deny the allegations. By way of further answer, the Order is a writing that speaks for itself. All characterizations are denied.

### 4. Respondents Acted With Scienter

88. Defendants admit sentence one. Defendants admit the order contained the statement referenced in sentence two, but deny its accuracy. By way of further answer, the Order is a writing that speaks for itself. All characterizations are denied.

89. The allegations in this paragraph are immaterial, and no response is required. To the extent a response is required, Defendants deny the allegations. By way of further answer, the Order is a writing that speaks for itself. All characterizations are denied.

90. The allegations in this paragraph are immaterial, and no response is required.  To the extent a response is required, Defendants deny the allegations. By way of further answer, the Order is a writing that speaks for itself.  All characterizations are denied.

91. The allegations in this paragraph are immaterial, and no response is required.  To the extent a response is required, Defendants deny the allegations. By way of further answer, the Order is a writing that speaks for itself.  All characterizations are denied.

**5.      The Commission Has Jurisdiction to Impose Penalties Here**

92. Defendants state that the allegations in the first and second sentences of this paragraph constitute legal conclusions to which no response is required.  Defendants deny the remaining allegations in this paragraph. By way of further answer, the Order is a writing that speaks for itself.  All characterizations are denied.

**6.      Each Individual Respondent Carried Out and Participated in a Joint Scheme**

93. The allegations in this paragraph are immaterial, and no response is required.  To the extent a response is required, Defendants deny the allegations. By way of further answer, the Order is a writing that speaks for itself.  All characterizations are denied.

94. The allegations in this paragraph are immaterial, and no response is required.  To the extent a response is required, Defendants deny the allegations. By way of further answer, the Order is a writing that speaks for itself.  All characterizations are denied.

95. The allegations in this paragraph are immaterial, and no response is required.  To the extent a response is required, Defendants deny the allegations. By way of further answer, the Order is a writing that speaks for itself.  All characterizations are denied.

96. The allegations in this paragraph are immaterial, and no response is required. To the extent a response is required, Defendants deny the allegations. By way of further answer, the Order is a writing that speaks for itself. All characterizations are denied.

97. The allegations in this paragraph are immaterial, and no response is required. To the extent a response is required, Defendants deny the allegations. By way of further answer, the Order is a writing that speaks for itself. All characterizations are denied.

98. This paragraph does not advance any allegations against Defendants, and no response is required. By way of further answer, the Order is a writing that speaks for itself. All characterizations are denied.

**B.      Coaltrain's False and Misleading Statements**

99. The allegations in this paragraph are immaterial, and no response is required. To the extent a response is required, Defendants deny the allegations. By way of further answer, the Order is a writing that speaks for itself. All characterizations are denied.

100.    Defendants state that the allegations of this paragraph constitute legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in this paragraph. By way of further answer, the Order is a writing that speaks for itself. All characterizations are denied.

101.    This paragraph does not advance any allegations against Defendants, and no response is required. By way of further answer, the Order is a writing that speaks for itself. All characterizations are denied.

102.    The allegations in this paragraph are immaterial, and no response is required. To the extent a response is required, Defendants deny the allegations. By way of further answer, the Order is a writing that speaks for itself. All characterizations are denied.

103.    The allegations in this paragraph are immaterial, and no response is required.  To the extent a response is required, Defendants deny the allegations. By way of further answer, the Order is a writing that speaks for itself.  All characterizations are denied.

104.    The allegations in this paragraph are immaterial, and no response is required.  To the extent a response is required, Defendants deny the allegations. By way of further answer, the Order is a writing that speaks for itself.  All characterizations are denied.

105.    The allegations in this paragraph are immaterial, and no response is required.  To the extent a response is required, Defendants deny the allegations. By way of further answer, the Order is a writing that speaks for itself.  All characterizations are denied.

106.    This paragraph does not s advance any allegations against Defendants, and no response is required. By way of further answer, the Order is a writing that speaks for itself.  All characterizations are denied.

107.    The allegations in this paragraph are immaterial, and no response is required.  To the extent a response is required, Defendants deny the allegations. By way of further answer, the Order is a writing that speaks for itself.  All characterizations are denied.

### C.      Remedies and Sanctions

108.    Defendants state that the allegations of this paragraph constitute legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations in this paragraph. By way of further answer, the Order is a writing that speaks for itself.  All characterizations are denied.

109.    The allegations in this paragraph are immaterial, and no response is required.  To the extent a response is required, Defendants deny the allegations. By way of further answer, the Order is a writing that speaks for itself.  All characterizations are denied.

110.    The allegations in this paragraph are immaterial, and no response is required. To the extent a response is required, Defendants deny the allegations. By way of further answer, the Order is a writing that speaks for itself. All characterizations are denied.

111.    Defendants lack sufficient information or knowledge to know what the Commission examined and therefore deny the allegation relating to its examination. Defendants admit the order made the referenced statements, but deny the appropriateness and legitimacy of the imposition of penalties and the accuracy of associated findings. By way of further answer, the Order is a writing that speaks for itself. All characterizations are denied.

112.    Defendants admit the order made the referenced findings, but deny their accuracy. By way of further answer, the Order is a writing that speaks for itself. All characterizations are denied.

## FIRST CLAIM FOR RELIEF

**(Against Coaltrain, Peter Jones, Shawn Sheehan, Robert Jones, Jack Wells, and Jeff Miller for Violating FPA Section 222, 16 U.S.C. § 824v, and 18 C.F.R. § 1c.2)**

113.    Defendants repeat each and every response to paragraphs 1 through 112 of the Complaint, as if set forth fully herein.

114.    This states a legal conclusion to which no response is required, and states no claim against Defendants.

115.    As to the first sentence, Order No. 670 speaks for itself, but insofar as an answer is required, Defendants deny that the Order is a proper exercise of delegated authority. Defendants lack sufficient knowledge or information to confirm the accuracy of the allegation in the second sentence and therefore deny it. As to the balance of the allegations in this paragraph, Defendants admit the order made the referenced statements, but deny the accuracy of the statements.

19

116.    Defendants deny the allegations in this paragraph.

117.    Defendants deny the allegations in this paragraph.

## SECOND CLAIM FOR RELIEF

### (Against Coaltrain for Violating 18 C.F.R. § 35.41(b))

118.    Defendants repeat each and every response to paragraphs 1 through 117 of the

Complaint, as if set forth fully herein.

119.    This paragraph contains no allegation against Defendants and no response is required.  It

also states a legal conclusion to which no response is required.

120.    This paragraph contains no allegation against Defendants and no response is required.

121.    This paragraph contains no allegation against Defendants and no response is required.

## JURY DEMAND

122.    Paragraph 122 does not contain allegations against Defendants and therefore Federal

Rules of Civil Procedure Rule 8(b) does not require a response.

123.    Paragraph 123 does not contain allegations against Defendants and therefore Federal

Rules of Civil Procedure Rule 8(b) does not require a response.

## PRAYER FOR RELIEF

124.    Defendants deny that the Commission is entitled to any relief, including, but not limited

to, the relief requested in the Complaint.

125.    Defendants deny that the Commission is entitled to any relief, including, but not limited

to, the relief requested in the Complaint.

126.    Defendants deny that the Commission is entitled to any relief, including, but not limited

to, the relief requested in the Complaint.

127.    Defendants deny that the Commission is entitled to any relief, including, but not limited to, the relief requested in the Complaint.

128.    Defendants deny that the Commission is entitled to any relief, including, but not limited to, the relief requested in the Complaint.

129.    Defendants deny that the Commission is entitled to any relief, including, but not limited to, the relief requested in the Complaint.

130.    Defendants deny that the Commission is entitled to any relief, including, but not limited to, the relief requested in the Complaint.

131.    Defendants deny that the Commission is entitled to any relief, including, but not limited to, the relief requested in the Complaint.

132.    Defendants deny that the Commission is entitled to any relief, including, but not limited to, the relief requested in the Complaint.

## DEFENSES

Defendants assert the following affirmative and other defenses. In alleging the defenses set forth below, Defendants do not agree or concede that they either individually or collectively bear the burden of persuasion on any of these issues either in whole or in part.

## FIRST DEFENSE

The Complaint and the claims for relief alleged therein against Defendants do not state a claim upon which relief can be granted or allege facts sufficient to state a claim for relief against Defendants.

## SECOND DEFENSE

The Commission's claims for statutory penalties against Defendants are inconsistent with the due process requirements of the Fifth and Fourteenth Amendments to the United States Constitution. The allegations in the Complaint have not been proven in a contested evidentiary

hearing before an objective trier of fact during which Defendants were afforded due process of law. The Commission's purported findings of fact and legal conclusions are subject to this Court's *de novo* adjudication. The FPA, the Federal Rules of Civil Procedure, and fundamental principles of fairness and due process, entitle Defendants to full discovery, the opportunity to confront the witnesses against them, and adjudication of the law and facts by this Court.

## THIRD DEFENSE

At all times relevant to the allegations in the Complaint, Defendants exercised due diligence to comply, and did comply, with all applicable tariffs, statutes, regulations, and/or relating to the matters at issue, including but not limited to the due diligence contemplated by 18 C.F.R. § 35.41(b), and any noncompliance, if any existed, was excusable or justified under the alleged circumstances.

## FOURTH DEFENSE

The Commission lacks statutory authority and acted in an ultra vires manner when it assessed civil penalties on a joint and several liability basis.

## FIFTH DEFENSE

Each and every one of the Commission's alleged claims against Defendants are barred, in whole or in part, by the doctrine of estoppel.

## SIXTH DEFENSE

The Commission lacked statutory authority to promulgate 18 C.F.R. Sec. 35.41(b), and that regulation is therefore void, and Commission use of it as a basis to seek civil penalties is ultra vires.

## SEVENTH DEFENSE

The Commission is barred from any recovery against Defendants by reason of the doctrine of laches and undue delay in giving notice to Defendants of the matters alleged in the Complaint, in issuing the Order Assessing Civil Penalties, and in commencing this litigation.

## EIGHTH DEFENSE

The Any purported injury or harm alleged was, either wholly or in part, the legal fault of persons, firms, corporation, or entities other than Defendants and that legal fault reduces the percentage of responsibility, if any, which is to be borne by Defendants.

## NINTH DEFENSE

The Commission's claim for relief in paragraph 131 is barred because, at all times relevant to the allegations in the Complaint, Defendants provided responses to the Commission's data requests and proffered deposition testimony that was complete and truthful to the best of Defendants' knowledge.

## TENTH DEFENSE

The doctrine of Fair Notice precludes the Commission from obtaining any recovery against Defendants.

## ELEVENTH DEFENSE

The fact that the actions complained of by the Commission were specifically contemplated in Commission-approved tariffs and orders, bars the Commission from any recovery against Defendants.

## TWELFTH DEFENSE

The doctrine of waiver precludes the Commission from obtaining any recovery against Defendants.

## THIRTEENTH DEFENSE

Commission is barred from any recovery against Defendants because it has failed to plead fraud with particularity as required by Rule 9(b) of the Federal Rules of Civil Procedure.

## FOURTEENTH DEFENSE

The Filed Rate Doctrine bars the Commission's claims.

## FIFTEENTH DEFENSE

The Commission's claims are barred because the Commission's definition of fraud exceeds the power granted to the Commission by Congress and is void for vagueness.

## SIXTEENTH DEFENSE

The Commission's claims are barred because it cannot prove scienter.

## SEVENTEENTH DEFENSE

The Commission's claims are barred for lack of subject matter jurisdiction.  The Commission lacks authority under the FPA to regulate financial UTC transactions, which do not result in the sale or transmission of electricity in interstate commerce.

## EIGHTEENTH DEFENSE

The Commission's Second Claim for Relief is barred for lack of subject matter jurisdiction because the Commission is not seeking a civil penalty or other remedy for this claim, and there is no case or controversy for this Court to resolve.

## NINETEENTH DEFENSE

The Commission's Second Claim for Relief is barred because 18 C.F.R. § 35.41(b) does not apply to discovery disputes in a FERC Enforcement investigation.

## TWENTIETH DEFENSE

The Commission's claims are barred because of inequitable conduct and unclean hands.

## TWENTY-FIRST DEFENSE

Defendants adopt any and all defenses of, or claimed by, co-defendants to the extent they are applicable to Defendants.

## TWENTY-SECOND DEFENSE

Defendants have insufficient knowledge or information upon which to form a belief as to whether additional defenses are available. Defendants reserve the right to amend this Answer to add additional defenses based on legal theories that may, or will be, divulged through clarification of the Complaint, through discovery, through change or clarification of the governing law or through further legal analysis of the Commission's position in this litigation.

## TWENTY-THIRD DEFENSE

The Commission's service in a prosecutorial and adjudicatory role in the underlying proceeding violated the Defendants' due process rights.

## DEFENDANTS' JURY DEMAND

Should the Court determine that the Complaint cannot be resolved via summary disposition, Defendants demand a trial by jury on all triable issues in accordance with Rule 38 of the Federal Rules of Civil Procedure.

Sandra E. Rizzo (*admitted pro hac vice*)  
Robert N. Weiner (*admitted pro hac vice*)  
ARNOLD & PORTER  
601 Massachusetts Avenue, N.W.  
Washington, D.C. 20001  
(202) 942-5826 -- Telephone  
(202) 942-5855 -- Telephone  
sandra.rizzo@aporter.com  
robert.weiner@aporter.com  

*/s/ Carl Aveni*_____  
Carl Aveni (0070664)  
Trial Attorney  
CARLILE PATCHEN & MURPHY LLP  
366 East Broad Street  
Columbus, Ohio 43215  
(614) 228-6135 -- Telephone  
caveni@cpmlaw.com

## <u>DEFENDANTS' PRAYER FOR RELIEF</u>

Defendants respectfully request that this Court enter judgment in their favor and against the Commission and grant the following relief:

1.     A judgment dismissing with prejudice the Commission's Complaint and denying all claims therein for relief against Defendants;

2.     An order awarding Defendants' fees pursuant to 28 U.S.C. § 2412(d)(1)(A); and

3.     Such other relief as this Court deems appropriate.

Respectfully submitted,

Sandra E. Rizzo (*admitted pro hac vice*)           */s/Carl Aveni*_____
Robert N. Weiner (*admitted pro hac vice*)        Carl Aveni (0070664)
ARNOLD & PORTER                                      Trial Attorney
601 Massachusetts Avenue, N.W.                       CARLILE PATCHEN & MURPHY LLP
Washington, D.C. 20001                               366 East Broad Street
(202) 942-5826 -- Telephone                          Columbus, Ohio 43215
(202) 942-5855 -- Telephone                          (614) 228-6135 -- Telephone
sandra.rizzo@aporter.com                             caveni@cpmlaw.com
robert.weiner@aporter.com

*Counsel for Defendants Peter Jones, Robert Jones, and Jack Wells*

## <u>CERTIFICATE OF SERVICE</u>

Undersigned counsel hereby certifies on May 7, 2018, a copy of the foregoing was filed electronically using the Court's Case Management/Electronic Case Filing System (CM/ECF). Notice of and access to this filing will be provided to all parties through CM/ECF.


*/s/Carl Aveni*_____
Carl Aveni (0070664)
Trial Attorney
CARLILE PATCHEN & MURPHY LLP
366 East Broad Street
Columbus, Ohio 43215
(614) 228-6135 -- Telephone
caveni@cpmlaw.com