**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO**

| | |
|---|---|
| **FEDERAL ENERGY REGULATORY COMMISSION,** | |
| **Plaintiff,** | Civil Action No. 2:16-cv-732 |
| **v.** | **Judge Michael H. Watson** |
| | **Magistrate Judge Kimberly A. Jolson** |
| **COALTRAIN ENERGY, L.P., PETER JONES, SHAWN SHEEHAN, ROBERT JONES, JEFF MILLER, AND JACK WELLS,** | **Demand for Jury Trial** |
| **Defendants.** | |

## ANSWER AND JURY DEMAND OF DEFENDANT COALTRAIN ENERGY, L.P. TO PLAINTIFF'S COMPLAINT

Defendant Coaltrain Energy, L.P. ("Coaltrain") hereby answers Plaintiff Federal Energy Regulatory Commission's ("FERC" or "Commission") Petition for an Order Affirming FERC's May 27, 2016 Order Assessing Civil Penalties Against Coaltrain, Peter Jones, Shawn Sheehan, Robert Jones, Jeff Miller, and Jack Wells ("Complaint"), and sets forth its defenses as follows:

All allegations are denied unless specifically admitted herein. An admission as to any factual allegation in the Complaint is an admission only as to the specific fact alleged, not as to any conclusions, characterizations, implications or speculations that are contained in the allegation or in any document which Plaintiffs incorporate by reference. The Complaint repeatedly uses the term "Respondents," which encompasses six separate persons or entities, to refer to less than all of the Defendants. Because it is often uncertain who the term "Respondents" is intended to reference, Coaltrain denies all allegations against "Respondents" unless specifically admitted below.

To the extent paragraphs of the Complaint are grouped under headings, such headings do not contain factual allegations and, therefore, do not require Coaltrain's response under Rule 8(b) of the Federal Rules of Civil Procedure.  To the extent any response may be required, Coaltrain denies all allegations contained in each heading in the Complaint.

Coaltrain denies the allegations in the unnumbered introductory paragraph of the Complaint, but admits that FERC purports to bring this action pursuant to section 31(d)(3) of the Federal Power Act ("FPA"), 16 U.S.C. § 823b(d)(3).  Coaltrain also admits that, on May 27, 2016, FERC issued an Order Assessing Civil Penalties ("Order"), a copy of which was attached to the Complaint as Exhibit 1.

## SUMMARY OF THE ACTION

1.      Coaltrain admits that the Commission's Office of Enforcement conducted an investigation and there was a public show cause proceeding before the Commission.  Coaltrain denies all remaining allegations in Paragraph 1 of the Complaint.

2.      Coaltrain lacks sufficient knowledge and information with regard to the allegations in the first sentence of Paragraph 2, and therefore denies them.  The remaining allegations in this paragraph are immaterial, and no response is required.  To the extent a response is required, Coaltrain denies all remaining allegations in Paragraph 2 of the Complaint.

3.      The allegations in Paragraph 3 are immaterial, and no response is required.  To the extent a response is required, Coaltrain denies all allegations in Paragraph 3 of the Complaint.

4.      Coaltrain admits that the Commission issued an Order to Show Cause on January 6, 2016.  Coaltrain has insufficient knowledge and information to confirm that the remaining

allegations in Paragraph 4 represent an accurate and complete description of the facts, and therefore Coaltrain denies all remaining allegations in Paragraph 4 of the Complaint.

5.      Coaltrain has insufficient knowledge and information to confirm that the allegations in the first sentence of Paragraph 5 represents an accurate and complete description of the facts, and Coaltrain therefore denies the allegations.  Coaltrain admits that the Commission issued the Order on May 27, 2016 and purported to assess the disgorgement and civil penalties listed in Paragraph 5 of the Complaint.  Coaltrain denies all remaining allegations in Paragraph 5 of the Complaint.

6.      Coaltrain admits that it elected *de novo* review in federal court under Federal Power Act section 31(d)(3), 16 U.S.C. § 823b(d)(3).  Coaltrain states that the remaining allegations of Paragraph 6 of the Complaint state legal conclusions to which no response is required.  To the extent a response is required, Coaltrain denies all allegations in Paragraph 6 of the Complaint.

## PARTIES

### A.    Petitioner

7.      There is no allegation against Coaltrain in Paragraph 7 of the Complaint, and thus no response is required.  To the extent a response is required, Coaltrain does not have sufficient information or knowledge to confirm that this is a complete and accurate description of the statute, and therefore denies the allegations in this paragraph.

### B.    Respondents

8.      Coaltrain denies all allegations in Paragraph 8 of the Complaint.  Coaltrain Management, LLC was the general partner of Coaltrain Energy, L.P.  In addition, Coaltrain

received market-based rate authorization from the Commission effective January 31, 2009, which was cancelled effective April 15, 2011.

9.      Coaltrain admits the allegations in the first sentence of Paragraph 9 of the Complaint and denies the remaining allegations of the paragraph.  Peter Jones was a 50% owner of Coaltrain Management, LLC, a limited liability company that was the general partner of Coaltrain Energy, L.P.  Peter Jones was a limited partner in Coaltrain Energy, L.P.

10.     Coaltrain admits the allegations in the first sentence of Paragraph 10 of the Complaint and denies the remaining allegations of the paragraph.  Shawn Sheehan was a 50% owner of Coaltrain Management, LLC, a limited liability company that was the general partner of Coaltrain Energy, L.P.  Shawn Sheehan was a limited partner in Coaltrain Energy, L.P.

11.     Coaltrain admits the allegations in the first sentence of Paragraph 11 of the Complaint and denies the remaining allegations of the paragraph.

12.     Coaltrain admits the allegations in the first sentence of Paragraph 12 of the Complaint and denies the remaining allegations of the paragraph.

13.     Coaltrain admits the allegations in the first sentence of Paragraph 13 of the Complaint and denies the remaining allegations of the paragraph.

## JURISDICTION AND VENUE

14.     Coaltrain states that the allegations of Paragraph 14 of the Complaint state legal conclusions to which no response is required.  To the extent a response is required, Coaltrain denies the allegations of Paragraph 14.

15.     Coaltrain admits that the Court determined that venue was appropriate but otherwise denies the allegations of Paragraph 15.

## THE COMMISSION'S ANTI-MANIPULATION AUTHORITY

16.     Coaltrain states that Paragraph 16 of the Complaint does not advance any allegations against Coaltrain, and no response is required.  Coaltrain also states that it lacks information as to how the Commission has discharged its responsibility throughout its history. To the extent a response is required, Coaltrain denies the allegations of Paragraph 16.

17.     Coaltrain states that Paragraph 17 of the Complaint does not advance any allegations against Coaltrain, and no response is required.  Coaltrain also states that it lacks information regarding the Commission's historical practices.  To the extent a response is required, Coaltrain denies the allegations of Paragraph 17.

18.     Coaltrain states that Paragraph 18 of the Complaint does not advance any allegations against Coaltrain, and no response is required.  Coaltrain also states that it lacks information regarding the Commission's historical practices.  To the extent a response is required, Coaltrain denies the allegations of Paragraph 18.

19.     Coaltrain states that Paragraph 19 of the Complaint does not advance any allegations against Coaltrain, and no response is required.  Coaltrain also states that it lacks information regarding the Commission's historical practices.  To the extent a response is required, Coaltrain denies the allegations of Paragraph 19.

20.     Coaltrain states that Paragraph 20 of the Complaint does not advance any allegations against Coaltrain, and no response is required.  Coaltrain also states that it lacks information regarding the Commission's historical practices.  To the extent a response is required, Coaltrain denies the allegations of Paragraph 20.

21.     Coaltrain states that Paragraph 21 of the Complaint does not advance any allegations against Coaltrain, and no response is required.  Coaltrain also states that it lacks

information regarding the Commission's historical practices. To the extent a response is required, Coaltrain denies the allegations of Paragraph 21.

22. Coaltrain states that Paragraph 22 of the Complaint does not advance any allegations against Coaltrain, and no response is required. Coaltrain also states that it lacks information regarding the Commission's historical practices. To the extent a response is required, Coaltrain denies the allegations of Paragraph 22.

23. Coaltrain states that Paragraph 23 of the Complaint does not advance any allegations against Coaltrain, and no response is required. Coaltrain also states that it lacks information regarding the Commission's historical practices. To the extent a response is required, Coaltrain denies the allegations of Paragraph 23.

## PJM MARKET BACKGROUND

### A.    PJM

24. Paragraph 24 does not advance any allegations against Coaltrain, and no response is required. To the extent a response is required, Coaltrain admits that PJM is a Regional Transmission Organization that covers thirteen states and the District of Columbia. Coaltrain lacks knowledge or information sufficient to form a belief as to the remainder of the paragraph, and therefore denies the allegations.

25. Paragraph 25 does not advance any allegations against Coaltrain, and no response is required. To the extent a response is required, Coaltrain admits that PJM has an Independent Market Monitor. Coaltrain lacks knowledge or information sufficient to form a belief as to the statements of Paragraph 25, and therefore denies the remaining allegations.

26. Paragraph 26 does not advance any allegations against Coaltrain, and no response is required. To the extent a response is required, Coaltrain lacks knowledge or information

sufficient to form a belief as to the allegations in the first sentence of Paragraph 26, and therefore denies the allegations. Coaltrain admits that the remaining sentences of Paragraph 26 quote from or summarize the Order, but denies all allegations and conclusions contained therein.

27. Paragraph 27 does not advance any allegations against Coaltrain, and no response is required. To the extent a response is required, Coaltrain lacks knowledge or information sufficient to form a belief as to the statements of Paragraph 27, and therefore denies the allegations.

28. Paragraph 28 does not advance any allegations against Coaltrain, and no response is required. To the extent a response is required, Coaltrain lacks knowledge or information sufficient to form a belief as to the statements of Paragraph 28, and therefore denies the allegations.

**B.      UTC Trading**

29. Paragraph 29 does not advance any allegations against Coaltrain, and no response is required. To the extent a response is required, Coaltrain admits that Paragraph 29 quotes from or summarizes the Order, but denies all allegations and conclusions contained therein. Coaltrain denies the allegations in the last sentence of Paragraph 29.

30. Coaltrain denies the allegations of Paragraph 30 of the Complaint.

31. Coaltrain denies the allegations of Paragraph 31 of the Complaint.

**C.      Marginal Loss Surplus Allocation ("MLSA")**

32. Coaltrain denies the allegations of Paragraph 32 of the Complaint.

33. Paragraph 33 does not advance any allegations against Coaltrain, and no response is required. To the extent a response is required, Coaltrain states that this paragraph is not a

complete and accurate description of the matters it purports to address, and therefore denies the allegations.

34. Paragraph 34 does not advance any allegations against Coaltrain, and no response is required. To the extent a response is required, Coaltrain has insufficient information and knowledge to confirm the accuracy of the first sentence and therefore denies it. Coaltrain further states that this paragraph is not a complete and accurate description of the matters it purports to address, and therefore denies the remaining allegations.

### PJM AND THE MARKET MONITOR DISCOVER THE SCHEME

35. Coaltrain denies the allegations in Paragraph 35 of the Complaint.

36. Coaltrain denies the allegations in Paragraph 36 of the Complaint.

37. Coaltrain denies the allegations in Paragraph 37 of the Complaint.

38. Coaltrain denies the allegations in the first and second sentences of Paragraph 38 of the Complaint. Coaltrain admits the allegations in the third sentence of Paragraph 38 of the Complaint.

### ENFORCEMENT'S INVESTIGATION

39. Coaltrain denies the allegations in Paragraph 39 of the Complaint.

40. Coaltrain denies the allegations in Paragraph 40 of the Complaint.

41. Coaltrain denies the allegations in Paragraph 41 of the Complaint.

42. Coaltrain lacks knowledge or information sufficient to form a belief as to the statements of Paragraph 42 of the Complaint, and therefore denies the allegations.

43. In response to Paragraph 43 of the Complaint, Coaltrain admits that FERC Enforcement sent the Preliminary Findings letter on September 25, 2014. Coaltrain denies the remaining allegations in Paragraph 43 of the Complaint.

44.     In response to Paragraph 44 of the Complaint, Coaltrain admits that it submitted a response to the Preliminary Findings letter on May 15, 2015, an oral supplemental response on September 10, 2015, and a written supplemental response on September 11, 2015.  Coaltrain denies all remaining allegations in Paragraph 44 of the Complaint.

45.     In response to Paragraph 45 of the Complaint, Coaltrain admits that the Commission issued a public Notice of Alleged Violations on September 11, 2015.  Coaltrain denies all remaining allegations in Paragraph 45 of the Complaint.

46.     In response to Paragraph 46 of the Complaint, Coaltrain admits that FERC Enforcement sent the 1b.19 letter on September 18, 2015.  Coaltrain denies the remaining allegations in Paragraph 46 of the Complaint.

47.     In response to Paragraph 47 of the Complaint, Coaltrain admits that it submitted a response to the 1b.19 letter on October 19, 2015.

48.     Coaltrain lacks knowledge or information sufficient to form a belief as to the statements of Paragraph 48 of the Complaint, and therefore denies the allegations.

### THE COMMISSION'S SHOW CAUSE PROCEEDING

49.     In response to Paragraph 49 of the Complaint, Coaltrain admits that the Commission issued an Order to Show Cause and Notice of Proposed Penalty on January 6, 2016.  Coaltrain denies the remaining allegations in Paragraph 49 of the Complaint.

50.     Coaltrain denies the allegations in the first and second sentences of Paragraph 50 of the Complaint.  Coaltrain states that the remaining allegations of Paragraph 50 of the Complaint constitute legal conclusions to which no response is required.  To the extent a response is required, Coaltrain denies the allegations in Paragraph 50 of the Complaint.

51.     In response to Paragraph 51 of the Complaint, Coaltrain admits that it submitted an answer to the Order to Show Cause on March 4, 2016, and that FERC Enforcement submitted a reply to Coaltrain's answer on April 1, 2016.

52.     In response to Paragraph 52 of the Complaint, Coaltrain admits that the Commission issued the Order on May 27, 2016.  Coaltrain denies the remaining allegations in Paragraph 52 of the Complaint.

53.     In response to Paragraph 53 of the Complaint, Coaltrain admits that the Commission purported to assess civil penalties and disgorgement in the Order.  Coaltrain denies the remaining allegations in Paragraph 53 of the Complaint.

54.     Coaltrain denies the allegations in Paragraph 54 of the Complaint.

### THE COMMISSION'S FINDINGS

**A.     Respondents' Manipulative OCL Strategy**

      **1.     Overview**

55.     The allegations in this paragraph are immaterial, and no response is required.  To the extent a response is required, Coaltrain denies the allegations in Paragraph 55 of the Complaint.

56.     The allegations in this paragraph are immaterial, and no response is required.  To the extent a response is required, Coaltrain denies the allegations in Paragraph 56 of the Complaint.

57.     The allegations in this paragraph are immaterial, and no response is required.  To the extent a response is required, Coaltrain denies the allegations in Paragraph 57 of the Complaint.

58.     The allegations in this paragraph are immaterial, and no response is required.  To the extent a response is required, Coaltrain denies the allegations in Paragraph 58 of the Complaint.

59.     The allegations in this paragraph are immaterial, and no response is required.  To the extent a response is required, Coaltrain denies the allegations in Paragraph 59 of the Complaint.

60.     Coaltrain denies the allegations in Paragraph 60 of the Complaint.

61.     The allegations in this paragraph are immaterial, and no response is required.  To the extent a response is required, Coaltrain denies the allegations in Paragraph 61 of the Complaint.

62.     The allegations in this paragraph are immaterial, and no response is required.  To the extent a response is required, Coaltrain denies the allegations in Paragraph 62 of the Complaint.

63.     The allegations in this paragraph are immaterial, and no response is required.  To the extent a response is required, Coaltrain denies the allegations in Paragraph 63 of the Complaint.

64.     The allegations in this paragraph are immaterial, and no response is required.  To the extent a response is required, Coaltrain denies the allegations in Paragraph 64 of the Complaint.

65.     The allegations in this paragraph are immaterial, and no response is required.  To the extent a response is required, Coaltrain denies the allegations in Paragraph 65 of the Complaint.

2.      **Respondents' Three Categories of OCL Strategy Trading**

a.      **SouthImp-SouthExp**

66.      The allegations in this paragraph are immaterial, and no response is required.  To the extent a response is required, Coaltrain denies the allegations in Paragraph 66 of the Complaint.

67.      The allegations in this paragraph are immaterial, and no response is required.  To the extent a response is required, Coaltrain denies the allegations in Paragraph 67 of the Complaint.

68.      The allegations in this paragraph are immaterial, and no response is required.  To the extent a response is required, Coaltrain denies the allegations in Paragraph 68 of the Complaint.

69.      The allegations in this paragraph are immaterial, and no response is required.  To the extent a response is required, Coaltrain denies the allegations in Paragraph 69 of the Complaint.

70.      The allegations in this paragraph are immaterial, and no response is required.  To the extent a response is required, Coaltrain denies the allegations in Paragraph 70 of the Complaint.

71.      The allegations in this paragraph are immaterial, and no response is required.  To the extent a response is required, Coaltrain denies the allegations in Paragraph 71 of the Complaint.

72.      The allegations in this paragraph are immaterial, and no response is required.  To the extent a response is required, Coaltrain denies the allegations in Paragraph 72 of the Complaint.

### b.    NCMPAImp-NCMPAExp

73.    The allegations in this paragraph are immaterial, and no response is required.  To the extent a response is required, Coaltrain denies the allegations in Paragraph 73 of the Complaint.

74.    The allegations in this paragraph are immaterial, and no response is required.  To the extent a response is required, Coaltrain denies the allegations in Paragraph 74 of the Complaint.

75.    The allegations in this paragraph are immaterial, and no response is required.  To the extent a response is required, Coaltrain denies the allegations in Paragraph 75 of the Complaint.

76.    The allegations in this paragraph are immaterial, and no response is required.  To the extent a response is required, Coaltrain denies the allegations in Paragraph 76 of the Complaint.

77.    The allegations in this paragraph are immaterial, and no response is required.  To the extent a response is required, Coaltrain denies the allegations in Paragraph 77 of the Complaint.

78.    The allegations in this paragraph are immaterial, and no response is required.  To the extent a response is required, Coaltrain denies the allegations in Paragraph 78 of the Complaint.

79.    The allegations in this paragraph are immaterial, and no response is required.  To the extent a response is required, Coaltrain denies the allegations in Paragraph 79 of the Complaint.

### c. 38 Other OCL Strategy Paths

80.    The allegations in this paragraph are immaterial, and no response is required.  To the extent a response is required, Coaltrain denies the allegations in Paragraph 80 of the Complaint.

81.    The allegations in this paragraph are immaterial, and no response is required.  To the extent a response is required, Coaltrain denies the allegations in Paragraph 81 of the Complaint.

82.    The allegations in this paragraph are immaterial, and no response is required.  To the extent a response is required, Coaltrain denies the allegations in Paragraph 82 of the Complaint.

83.    The allegations in this paragraph are immaterial, and no response is required.  To the extent a response is required, Coaltrain denies the allegations in Paragraph 83 of the Complaint.

84.    The allegations in this paragraph are immaterial, and no response is required.  To the extent a response is required, Coaltrain denies the allegations in Paragraph 84 of the Complaint.

### 3. Additional Findings Regarding The Manipulative Scheme

#### a. Respondents Had Notice That Their OCL Strategy Was Fraudulent

85.    The allegations in this paragraph are immaterial, and no response is required.  To the extent a response is required, Coaltrain denies the allegations in Paragraph 85 of the Complaint.

86.　　The allegations in this paragraph are immaterial, and no response is required.  To the extent a response is required, Coaltrain denies the allegations in Paragraph 86 of the Complaint.

87.　　The allegations in this paragraph are immaterial, and no response is required.  To the extent a response is required, Coaltrain denies the allegations in Paragraph 87 of the Complaint.

### 4.　　Respondents Acted With Scienter

88.　　Coaltrain states that the allegations in the first sentence of Paragraph 88 of the Complaint constitute legal conclusions to which no response is required.  To the extent a response is required, Coaltrain denies the allegations in Paragraph 88 of the Complaint.

89.　　The allegations in this paragraph are immaterial, and no response is required.  To the extent a response is required, Coaltrain denies the allegations in Paragraph 89 of the Complaint.

90.　　The allegations in this paragraph are immaterial, and no response is required.  To the extent a response is required, Coaltrain denies the allegations in Paragraph 90 of the Complaint.

91.　　The allegations in this paragraph are immaterial, and no response is required.  To the extent a response is required, Coaltrain denies the allegations in Paragraph 91 of the Complaint.

### 5.　　The Commission Has Jurisdiction to Impose Penalties Here

92.　　Coaltrain states that the allegations in the first and second sentences of Paragraph 92 of the Complaint constitute legal conclusions to which no response is required.  To the extent a response is required, Coaltrain denies the allegations in Paragraph 92 of the Complaint.

6.    **Each Individual Respondent Carries Out and Participated in a Joint Scheme**

93.    The allegations in this paragraph are immaterial, and no response is required.  To the extent a response is required, Coaltrain denies the allegations in Paragraph 93 of the Complaint.

94.    The allegations in this paragraph are immaterial, and no response is required.  To the extent a response is required, Coaltrain denies the allegations in Paragraph 94 of the Complaint.

95.    The allegations in this paragraph are immaterial, and no response is required.  To the extent a response is required, Coaltrain denies the allegations in Paragraph 95 of the Complaint.

96.    The allegations in this paragraph are immaterial, and no response is required.  To the extent a response is required, Coaltrain denies the allegations in Paragraph 96 of the Complaint.

97.    The allegations in this paragraph are immaterial, and no response is required.  To the extent a response is required, Coaltrain denies the allegations in Paragraph 97 of the Complaint.

98.    The allegations in this paragraph are immaterial, and no response is required.  To the extent a response is required, Coaltrain denies the allegations in Paragraph 98 of the Complaint.

B.    **Coaltrain's False and Misleading Statements**

99.    The allegations in this paragraph are immaterial, and no response is required.  To the extent a response is required, Coaltrain denies the allegations in Paragraph 99 of the Complaint.

100.    Coaltrain states that the allegations of Paragraph 100 of the Complaint constitute legal conclusions to which no response is required.  To the extent a response is required, Coaltrain denies the allegations in Paragraph 100 of the Complaint.

101.    The allegations in this paragraph are immaterial, and no response is required.  To the extent a response is required, Coaltrain denies the allegations in Paragraph 101 of the Complaint.

102.    The allegations in this paragraph are immaterial, and no response is required.  To the extent a response is required, Coaltrain denies the allegations in Paragraph 102 of the Complaint.

103.    The allegations in this paragraph are immaterial, and no response is required.  To the extent a response is required, Coaltrain denies the allegations in Paragraph 103 of the Complaint.

104.    The allegations in this paragraph are immaterial, and no response is required.  To the extent a response is required, Coaltrain denies the allegations in Paragraph 104 of the Complaint.

105.    The allegations in this paragraph are immaterial, and no response is required.  To the extent a response is required, Coaltrain denies the allegations in Paragraph 105 of the Complaint.

106.    The allegations in this paragraph are immaterial, and no response is required.  To the extent a response is required, Coaltrain denies the allegations in Paragraph 106 of the Complaint.

107.    The allegations in this paragraph are immaterial, and no response is required.  To the extent a response is required, Coaltrain denies the allegations in Paragraph 107 of the Complaint.

### C.    Remedies and Sanctions

108.    Coaltrain states that the allegations of Paragraph 108 of the Complaint constitute legal conclusions to which no response is required.  To the extent a response is required, Coaltrain denies the allegations in Paragraph 108 of the Complaint.

109.    The allegations in this paragraph are immaterial, and no response is required.  To the extent a response is required, Coaltrain denies the allegations in Paragraph 109 of the Complaint.

110.    The allegations in this paragraph are immaterial, and no response is required.  To the extent a response is required, Coaltrain denies the allegations in Paragraph 110 of the Complaint.

111.    The allegations in this paragraph are immaterial, and no response is required.  To the extent a response is required, Coaltrain denies the allegations in Paragraph 111 of the Complaint.

112.    The allegations in this paragraph are immaterial, and no response is required.  To the extent a response is required, Coaltrain denies the allegations in Paragraph 112 of the Complaint.

## FIRST CLAIM FOR RELIEF

**(Against Coaltrain, Peter Jones, Shawn Sheehan, Robert Jones,
Jack Wells, and Jeff Miller for Violating FPA Section 222,
16 U.S.C. § 824v, and 18 C.F.R. § 1c.2)**

113.    In response to Paragraph 113 of the Complaint, Coaltrain repeats and restates its responses to the previous numbered paragraphs as if fully incorporated by reference and set forth herein.

114.    Coaltrain states that the allegations of Paragraph 114 of the Complaint constitute legal conclusions to which no response is required.   To the extent a response is required, Coaltrain denies the allegations in Paragraph 114 of the Complaint.

115.    Coaltrain states that the allegations of Paragraph 115 of the Complaint constitute legal conclusions to which no response is required.   To the extent a response is required, Coaltrain denies the allegations in Paragraph 115 of the Complaint.

116.    Coaltrain denies the allegations in Paragraph 116 of the Complaint.

117.    Coaltrain denies the allegations in Paragraph 117 of the Complaint.

## SECOND CLAIM FOR RELIEF

**(Against Coaltrain for Violating 18 C.F.R. § 35.41(b))**

118.    In response to Paragraph 118 of the Complaint, Coaltrain repeats and restates its responses to the previous numbered paragraphs as if fully incorporated by reference and set forth herein.

119.    Coaltrain states that the allegations of Paragraph 119 of the Complaint constitute legal conclusions to which no response is required.   To the extent a response is required, Coaltrain denies the allegations in Paragraph 119 of the Complaint.

120.     Coaltrain states that the allegations of Paragraph 120 of the Complaint constitute legal conclusions to which no response is required.   To the extent a response is required, Coaltrain denies the allegations in Paragraph 120 of the Complaint.

121.     Coaltrain denies the allegations in Paragraph 121 of the Complaint.

## JURY DEMAND

122.     Coaltrain states that the allegations of Paragraph 122 of the Complaint constitute legal conclusions to which no response is required.   To the extent a response is required, Coaltrain denies the allegations in Paragraph 122 of the Complaint.

123.     Coaltrain states that the allegations of Paragraph 123 of the Complaint constitute legal conclusions to which no response is required.   To the extent a response is required, Coaltrain denies the allegations in Paragraph 123 of the Complaint.

## PRAYER FOR RELIEF

124.     In response to Paragraph 124 of the Complaint, Coaltrain states that the allegations contained within the Prayer for Relief constitute legal conclusions to which no response is required.  Coaltrain denies that FERC is entitled to judgment or relief.

125.     In response to Paragraph 125 of the Complaint, Coaltrain states that the allegations contained within the Prayer for Relief constitute legal conclusions to which no response is required.  Coaltrain denies that FERC is entitled to judgment or relief.

126.     In response to Paragraph 126 of the Complaint, Coaltrain states that the allegations contained within the Prayer for Relief constitute legal conclusions to which no response is required.  Coaltrain denies that FERC is entitled to judgment or relief.

127.    In response to Paragraph 127 of the Complaint, Coaltrain states that the allegations contained within the Prayer for Relief constitute legal conclusions to which no response is required.  Coaltrain denies that FERC is entitled to judgment or relief.

128.    In response to Paragraph 128 of the Complaint, Coaltrain states that the allegations contained within the Prayer for Relief constitute legal conclusions to which no response is required.  Coaltrain denies that FERC is entitled to judgment or relief.

129.    In response to Paragraph 129 of the Complaint, Coaltrain states that the allegations contained within the Prayer for Relief constitute legal conclusions to which no response is required.  Coaltrain denies that FERC is entitled to judgment or relief.

130.    In response to Paragraph 130 of the Complaint, Coaltrain states that the allegations contained within the Prayer for Relief constitute legal conclusions to which no response is required.  Coaltrain denies that FERC is entitled to judgment or relief.

131.    In response to Paragraph 131 of the Complaint, Coaltrain states that the allegations contained within the Prayer for Relief constitute legal conclusions to which no response is required.  Coaltrain denies that FERC is entitled to judgment or relief.

132.    In response to Paragraph 132 of the Complaint, Coaltrain states that the allegations contained within the Prayer for Relief constitute legal conclusions to which no response is required.  Coaltrain denies that FERC is entitled to judgment or relief.

## **DEFENSES**

Coaltrain asserts the following affirmative and other defenses.  By alleging the defenses set forth below, Coaltrain does not agree or concede that it bears the burden of proof or the burden of persuasion on any of these issues whether in whole or in part.

## FIRST DEFENSE

The Complaint, and each and every claim stated therein, fails to state a claim upon which relief can be granted.

## SECOND DEFENSE

FERC's claims are barred because FERC's definition of fraud exceeds the power granted to FERC by Congress and is void for vagueness.

## THIRD DEFENSE

FERC's claims for relief fail because FERC failed to give fair notice.

## FOURTH DEFENSE

FERC's claims against Coaltrain violate the due process guarantees of the U.S. Constitution.

## FIFTH DEFENSE

FERC's claims are barred because it cannot prove scienter.

## SIXTH DEFENSE

The Filed Rate Doctrine bars FERC's claims.

## SEVENTH DEFENSE

FERC's claims are barred for lack of subject matter jurisdiction.  FERC has no authority under the FPA to regulate financial UTC transactions, which do not result in the sale or transmission of electricity in interstate commerce.

## EIGHTH DEFENSE

FERC is barred from any recovery against Coaltrain because FERC has failed to plead fraud with particularity as required by Rule 9(b) of the Federal Rules of Civil Procedure.

## NINTH DEFENSE

FERC's Second Claim for Relief is barred because FERC lacks statutory authority to promulgate 18 C.F.R. § 35.41(b).

## TENTH DEFENSE

FERC's Second Claim for Relief is barred for lack of subject matter jurisdiction because FERC is not seeking a civil penalty or other remedy for this claim, and there is no case or controversy for this Court to resolve.

## ELEVENTH DEFENSE

FERC's Second Claim for Relief is barred because 18 C.F.R. § 35.41(b) does not apply to discovery disputes in a FERC Staff investigation.

## TWELFTH DEFENSE

FERC's claims are barred because, at all times relevant to the allegations in the Complaint, Coaltrain exercised due diligence to comply, and did comply, with all applicable tariffs, statutes and/or regulations, including but not limited to the due diligence contemplated by 18 C.F.R. § 35.41(b).

## THIRTEENTH DEFENSE

FERC's Second Claim for Relief is barred because, at all times relevant to the facts alleged in the Complaint, Coaltrain provided responses to FERC's data requests that were complete and truthful to the best of Coaltrain's knowledge.

## FOURTEENTH DEFENSE

FERC's claims against Coaltrain are barred, in whole or in part, by the doctrine of estoppel.

### FIFTEENTH DEFENSE

FERC is barred from any recovery against Coaltrain due to the doctrine of laches and undue delay in giving notice to Coaltrain of the matters alleged in the Complaint, in issuing the Order, and in commencing this litigation.

### SIXTEENTH DEFENSE

The doctrine of waiver precludes FERC from obtaining any recovery against Coaltrain.

### SEVENTEENTH DEFENSE

FERC's claims are barred because of inequitable conduct and unclean hands.

### EIGHTEENTH DEFENSE

Any purported injury or harm alleged was, either wholly or in part, the legal fault of persons, firms, corporation, or entities other than Coaltrain and that legal fault reduces the percentage of responsibility, if any, which is to be borne by Coaltrain.

### NINETEENTH DEFENSE

Coaltrain adopts any and all defenses of, or claimed by, co-Defendants to the extent they are applicable to Coaltrain.

### DEFENSES RESERVED

Coaltrain reserves the right to amend this Answer to add additional defenses based on legal theories that may, or will be, divulged through clarification of the Complaint, through discovery, through change or clarification of the governing law or through further legal analysis of FERC's position in this proceeding.

### COALTRAIN'S PRAYER FOR RELIEF

**WHEREFORE**, Defendant Coaltrain denies that FERC is entitled to any relief and respectfully requests that the Court enter:

A.     A judgment dismissing with prejudice FERC's Complaint and denying all claims

therein for relief against Coaltrain;

B.     An order awarding Coaltrain's fees pursuant to 28 U.S.C. § 2412(d)(1)(A); and

C.     Such other relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Coaltrain hereby demands a trial by jury on all issues triable as such.

Dated: May 7, 2018                                    Respectfully submitted,


Kenneth W. Irvin (*admitted pro hac vice*)          /s/ *James A. King*
Mark D. Hopson (*admitted pro hac vice*)          James A. King, Trial Attorney (0040270)
Terence T. Healey (*admitted pro hac vice*)       Kathleen M. Trafford (0021753)
Christopher J. Polito (*admitted pro hac vice*)   Jay A. Yurkiw (0068143)
SIDLEY AUSTIN LLP                                 PORTER ,WRIGHT, MORRIS & ARTHUR LLP
1501 K Street, NW                                 41 South High Street
Washington, D.C. 20005                            Columbus, OH  43215-6194
Tel: (202) 736-8000                               Telephone: (614) 227-2000
kirvin@sidley.com                                 Facsimile:  (614) 227-2100
mhopson@sidley.com                                jking@porterwright.com
thealey@sidley.com                                ktrafford@porterwright.com
cpolito@sidley.com                                jyurkiw@porterwright.com

*Counsel for Defendant Coaltrain Energy, L.P.*

25

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies on May 7, 2018, a copy of the foregoing was filed

electronically using the Court's Case Management/Electronic Case Filing System (CM/ECF).

Notice of and access to this filing will be provided to all parties through CM/ECF.


_/s/ James A. King_____

James A. King