**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO**

| | |
|---|---|
| **FEDERAL ENERGY REGULATORY COMMISSION**<br><br>    **Plaintiff,**<br><br>    **v.**<br><br>**COALTRAIN ENERGY, L.P., PETER JONES, SHAWN SHEEHAN, ROBERT JONES, JEFF MILLER, AND JACK WELLS.**<br><br>    **Defendants.** | **Civil Action No. 2:16-cv-732<br>Judge Michael H. Watson<br>Magistrate Judge Kimberly A. Jolson** |

## ANSWER AND JURY DEMAND OF
## DEFENDANTS SHAWN SHEEHAN, AND JEFF MILLER

Defendants Shawn Sheehan and Jeff Miller submit their answer and defenses to Plaintiff Federal Energy Regulatory Commission's ("FERC" or the "Commission") Petition for an Order Affirming FERC's May 27, 2016 Order Assessing Civil Penalties Against Coaltrain, Peter Jones, Shawn Sheehan, Robert Jones, Jeff Miller, and Jack Wells ("Complaint") as follows.  To the extent not specifically admitted, defendants Sheehan and Miller deny each and every allegation in the Complaint.[1]  An admission as to any factual allegation in the Complaint is an admission only as to the specific fact alleged, not as to any conclusions, characterizations, implications or speculations that

---

[1] Plaintiff purportedly incorporated by reference the entirety of the Commission's May 27, 2016 order in its Complaint.  Pursuant to this Court's Order of March 30, 2018, this action is not an APA review of an administrative order.  Rather this action is a de novo review of the law and facts involved, and therefore, no response is required to the findings made in the Commission's May 27, 2016 order.  However, to the extent a response is required to the underlying factual allegations in the May 27, 2016 order, defendants Sheehan and Miller deny such allegations.

are contained in the allegation or in any document which Plaintiffs incorporate by reference.

The Complaint includes headings that do not contain factual allegations and, therefore, do not require a response under Rule 8(b) of the Federal Rules of Civil Procedure. To the extent any response may be required, defendants Sheehan and Miller deny all allegations contained in each heading in the Complaint.

## INTRODUCTION

With regard to the introductory paragraph, defendants Sheehan and Miller admit that Plaintiff purports to bring the action pursuant to section 31(d)(3)(B) of the Federal Power Act ("FPA"). Defendants Sheehan and Miller admit that Plaintiff issued the referenced order. This introductory paragraph alleges that the Commission made certain findings with respect to defendants Sheehan and Miller. Pursuant to this Court's Order of March 30, 2018, this action is not an APA review of an administrative order. Rather, this action is a de novo review of the law and facts involved, and therefore, no response is required to allegations of Commission findings. However, to the extent a response is required to any underlying factual allegations, defendants Sheehan and Miller deny such allegations in this introductory paragraph.

## I. SUMMARY OF THE ACTION

1.     Paragraph 1 alleges that the Commission made certain findings with respect to defendants Sheehan and Miller. Pursuant to this Court's Order of March 30, 2018, this action is not an APA review of an administrative order. Rather, this action is a de novo review of the law and facts involved, and therefore, no response is required to allegations of Commission findings. However, to the extent a response is required to

any underlying factual allegations, defendants Sheehan and Miller deny such allegations.

2. Paragraph 2 alleges that the Commission made certain findings with respect to defendants Sheehan and Miller. Pursuant to this Court's Order of March 30, 2018, this action is not an APA review of an administrative order. Rather, this action is a de novo review of the law and facts involved, and therefore, no response is required to allegations of Commission findings. However, to the extent a response is required to any underlying factual allegations, defendants Sheehan and Miller deny such allegations. The characterization of financial trading is incomplete and inaccurate; therefore, defendants Sheehan and Miller deny such allegations. Defendants Sheehan and Miller deny the remaining allegations in Paragraph 2.

3. Paragraph 3 alleges that the Commission made certain findings with respect to defendants Sheehan and Miller. Pursuant to this Court's Order of March 30, 2018, this action is not an APA review of an administrative order. Rather, this action is a de novo review of the law and facts involved, and therefore, no response is required to allegations of Commission findings. However, to the extent a response is required to any underlying factual allegations, defendants Sheehan and Miller deny such allegations. Defendants Sheehan and Miller deny the remaining allegations in Paragraph 3.

4. Defendants Sheehan and Miller deny that the allegations in Paragraph 4 completely and accurately describe the proceedings referred to, which are immaterial to the current action. To the extent Paragraph 4 is construed as alleging a violation of any law or obligation, defendants Sheehan and Miller deny the allegation.

5. Defendants Sheehan and Miller lack knowledge and information sufficient to form a belief as to the truth of the allegation that the Commission examined materials or conducted any evaluation. In addition, defendants Sheehan and Miller deny that the allegations in Paragraph 5 completely and accurately describe the proceeding referred to, which are immaterial to the current action. To the extent Paragraph 5 is construed as alleging a violation of any law or obligation, defendants Sheehan and Miller deny the allegation.

6. Certain allegations in Paragraph 6 constitute legal conclusions to which no response is required. To the extent a response is required, defendants Sheehan and Miller deny such allegations. In addition, defendants Sheehan and Miller deny that the allegations in Paragraph 6 completely and accurately describe the proceedings referred to, which are immaterial to the current action. To the extent Paragraph 6 is construed as alleging a violation of any law or obligation, defendants Sheehan and Miller deny the allegation.

## II. PARTIES

### A. Petitioner

7. The allegations in Paragraph 7 constitute legal conclusions to which no response is required. To the extent a response is required, defendants Sheehan and Miller lack knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 7.

### B. Respondents

8. Defendant Sheehan admits that he was a limited partner of Coaltrain Energy L.P. and denies the remaining allegations in Paragraph 8. Defendant Miller is without knowledge or information sufficient to form a belief as to the truth of the

allegations in Paragraph 8 and, therefore, denies the same.  Paragraph 8 alleges that the Commission made certain findings with respect to defendant Sheehan.  Pursuant to this Court's Order of March 30, 2018, this action is not an APA review of an administrative order.  Rather, this action is a de novo review of the law and facts involved, and therefore, no response is required to allegations of Commission findings.  However, to the extent a response is required to any underlying factual allegations, defendant Sheehan denies such allegations.

9.     Defendants Sheehan and Miller need not respond to the allegations Paragraph 9 because they are not allegations against Shawn Sheehan or Jeff Miller.

10.     Defendant Sheehan admits in part and denies in part the allegations in Paragraph 10.  Defendant Sheehan admits he is a U.S. Citizen and has been a resident of St. Thomas, U.S. Virgin Islands since approximately 2012.  Defendant Sheehan admits that he has continuously worked as an energy trader since 2000.  Defendant Sheehan admits that he was a limited partner of Coaltrain Energy L.P..  Defendant Sheehan denies the remaining allegations in Paragraph 10.

11.     Defendants Sheehan and Miller need not respond to the allegations paragraph 11 because they are not allegations against Shawn Sheehan or Jeff Miller.

12.     Defendant Miller admits in part and denies in part the allegations in Paragraph 12.  Defendant Miller admits he is a U.S. Citizen.  Defendant Miller admits he was a trader in the PJM market in 2010.  Defendant Miller denies the remaining allegations in Paragraph 12.

13.     Defendants Sheehan and Miller need not respond to the allegations Paragraph 13 because they are not allegations against Shawn Sheehan or Jeff Miller.

### III. JURISDICTION AND VENUE

14. The allegations in Paragraph 14 constitute legal conclusions to which no response is required from Defendants. To the extent a response is required, defendants Sheehan and Miller deny the allegations in Paragraph 14.

15. Allegations in Paragraph 15 as to venue constitute legal conclusions to which no response is required. To the extent a response is required, defendants Sheehan and Miller deny such allegations. Defendants Sheehan and Miller deny the remaining allegations in Paragraph 15.

### IV. THE COMMISSION'S ANTI-MANIPULATION AUTHORITY

16. The characterization of Commission regulation in Paragraph 16 is incomplete and inaccurate; therefore, defendants Sheehan and Miller deny such allegations.

17. The characterization of Commission regulation in Paragraph 17 is incomplete and inaccurate; therefore, defendants Sheehan and Miller deny such allegations.

18. The characterization of the referenced activity in Paragraph 18 is incomplete and inaccurate; therefore, defendants Sheehan and Miller deny such allegations.

19. The characterization of Commission regulation in Paragraph 19 is incomplete and inaccurate; therefore, defendants Sheehan and Miller deny such allegations. Allegations in Paragraph 19 as to Market Behavior Rules constitute legal conclusions to which no response is required. To the extent a response is required, defendants Sheehan and Miller are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 19 and, therefore, deny the same.

20.    The allegations in Paragraph 20 constitute legal conclusions to which no response is required.  To the extent a response is required, defendants Sheehan and Miller are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 20 and, therefore, deny the same.

21.    The allegations in Paragraph 21 constitute legal conclusions to which no response is required.  To the extent a response is required, defendants Sheehan and Miller are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 21 and, therefore, deny the same.

22.    The allegations in Paragraph 22 constitute legal conclusions to which no response is required.  To the extent a response is required, defendants Sheehan and Miller are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 22 and, therefore, deny the same.

23.    The allegations in Paragraph 23 constitute legal conclusions to which no response is required.  To the extent a response is required, defendants Sheehan and Miller are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 23 and, therefore, deny the same.

## V. PJM MARKET BACKGROUND

**A.    PJM**

24.    Defendants Sheehan and Miller admit that PJM is an RTO that administers wholesale electricity markets.  Defendants Sheehan and Miller are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 24 and, therefore, deny the same.

25.    Defendants Sheehan and Miller state that allegations in  Paragraph 25 as to Commission requirements constitute legal conclusions to which no response is

required.   To the extent a response is required, defendants Sheehan and Miller are without knowledge or information sufficient to form a belief as to the truth of such allegations and, therefore, deny the same.

The characterization of the Independent Market Monitor and its responsibilities is incomplete and inaccurate; therefore, defendants Sheehan and Miller deny such allegations in Paragraph 25.

26.    The characterization of the PJM market is incomplete and inaccurate; therefore, defendants Sheehan and Miller deny the allegations in Paragraph 26.

27.    The characterization of the PJM market is incomplete and inaccurate; therefore, defendants Sheehan and Miller deny the allegations in Paragraph 27.

28.    The characterization of the PJM market is incomplete and inaccurate; therefore, defendants Sheehan and Miller deny the allegations in Paragraph 28.

**B.    UTC Trading**

29.    The characterization of UTC transactions is incomplete and inaccurate; therefore, defendants Sheehan and Miller deny the allegations in Paragraph 29.

30.    Defendants Sheehan and Miller deny the allegations in Paragraph 30.  In addition, the characterization of transmission reservations is incomplete and inaccurate.

31.    Defendants Sheehan and Miller deny the allegations in Paragraph 31.

**C.    Marginal Loss Surplus Allocation ("MLSA")**

32.    Defendants Sheehan and Miller deny the allegations in Paragraph 32.

33.    The characterization of transmission line losses is incomplete and inaccurate; therefore, defendants Sheehan and Miller deny the allegations in Paragraph 33.

34.     The characterization of MLSA is incomplete and inaccurate; therefore, defendants Sheehan and Miller deny the allegations in Paragraph 34.

## VI. PJM AND THE MARKET MONITOR DISCOVER THE SCHEME

35.     Defendants Sheehan and Miller deny the allegations in Paragraph 35.

36.     Defendants Sheehan and Miller are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 36 as to what Enforcement learned and when and, therefore, deny the same.  Defendant Sheehan admits that he labeled all of his UTC transactions between June and September 2010 as "Spread Strategy."  Defendants Sheehan and Miller deny the remaining allegations in Paragraph 36.

37.     Defendants Sheehan and Miller lack knowledge and information sufficient to form a belief as to the truth of the allegations as to what, if anything, the IMM or Enforcement staff "discovered" and, therefore, deny the same.  Defendants Sheehan and Miller deny the remaining allegations in Paragraph 37.

38.     Defendants Sheehan and Miller are without knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 38 regarding meetings with market participants and, therefore, deny the same.  Defendants Sheehan and Miller deny the remaining allegations in Paragraph 38.

## VII. ENFORCEMENT'S INVESTIGATION

39.     Defendants Sheehan and Miller deny the allegations in Paragraph 39.

40.     Defendants Sheehan and Miller need not respond to the allegations Paragraph 40 because they are not allegations against Shawn Sheehan or Jeff Miller.

41. Defendants Sheehan and Miller lack knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 41 and, therefore, deny the same.

42. Defendants Sheehan and Miller need not respond to the allegations in Paragraph 42 because they are not allegations against Shawn Sheehan or Jeff Miller. To the extent a response is required, defendants Sheehan and Miller deny the allegations in Paragraph 42.

43. Paragraph 43 alleges that Enforcement staff sent a letter with "preliminary findings" with respect to defendants Sheehan and Miller. Such preliminary findings are immaterial to the de novo review of law and facts involved, and therefore, no response is required to allegations of Commission findings. However, to the extent a response is required to any underlying factual allegations, defendants Sheehan and Miller deny such allegations. Because the remaining allegations in Paragraph 43 are immaterial to the de novo review of the facts and law at issue in this proceeding, no response is required.

44. Defendants Sheehan and Miller admit that they submitted their response on May 15, 2015. Because the remaining allegations in Paragraph 44 are immaterial to the de novo review of the facts and law at issue in this proceeding, no response is required. To the extent a response is required, defendants Sheehan and Miller deny the remaining allegations in Paragraph 44 because they do not completely and accurately describe the referenced events.

45. Because the allegations in Paragraph 45 are immaterial to the de novo review of the facts and law at issue in this proceeding, no response is required. In

addition, these allegations constitute legal conclusions to which no response is required. To the extent a response is required, defendants Sheehan and Miller deny the allegations in Paragraph 45.

46.     Defendants Sheehan and Miller deny that the allegations in Paragraph 46 completely and accurately describe the proceedings referred to, which are immaterial to the current action. To the extent that Paragraph 46 is construed as alleging a violation of any law or obligation, defendants Sheehan and Miller deny the allegation.

47.     Defendants Sheehan and Miller deny that the allegations in Paragraph 47 completely and accurately describe the proceedings referred to, which are immaterial to the current action. To the extent that Paragraph 47 is construed as alleging a violation of any law or obligation, defendants Sheehan and Miller deny the allegation.

48.     Defendants Sheehan and Miller deny that the allegations in Paragraph 48 completely and accurately describe the proceedings referred to, which are immaterial to the current action. To the extent that Paragraph 48 is construed as alleging a violation of any law or obligation, defendants Sheehan and Miller deny the allegation.

## VIII. THE COMMISSION'S SHOW CAUSE PROCEEDING

49.     Defendants Sheehan and Miller deny that the allegations in Paragraph 49 completely and accurately describe the proceedings referred to, which are immaterial to the current action. To the extent that Paragraph 49 is construed as alleging a violation of any law or obligation, defendants Sheehan and Miller deny the allegation.

50.     Defendants Sheehan and Miller deny that the allegations in Paragraph 50 completely and accurately describe the proceedings referred to, which are immaterial to the current action. To the extent that Paragraph 50 is construed as alleging a violation of any law or obligation, defendants Sheehan and Miller deny the allegation.

51.     Defendants Sheehan and Miller deny that the allegations in Paragraph 51 completely and accurately describe the proceedings referred to, which are immaterial to the current action. To the extent that Paragraph 51 is construed as alleging a violation of any law or obligation, defendants Sheehan and Miller deny the allegation.

52.     Because the allegations in Paragraph 52 are immaterial to the de novo review of the facts and law at issue in this proceeding, no response is required.  To the extent a response is required, defendants Sheehan and Miller are without knowledge and information sufficient to form a belief as to the truth of the allegations regarding what the Commission reviewed and when, and therefore deny the same.

In addition, Paragraph 52 alleges that the Commission made certain allegations with respect to defendants Sheehan and Miller.  Such allegations are immaterial to the de novo review of law and facts involved, and therefore, no response is required. However, to the extent a response is required to any underlying factual allegations, defendants Sheehan and Miller deny the same.

53.     The allegations in Paragraph 53 constitute legal conclusions to which no response is required.  To the extent a response is required, defendants Sheehan and Miller deny the allegations in Paragraph 53.

54.     Paragraph 54 alleges that the Commission discussed, cited and quoted certain  information in its Order with respect to defendants Sheehan and Miller.  Such allegations are immaterial to the de novo review of law and facts involved, and therefore, no response is required.  However, to the extent a response is required to any underlying factual allegations, defendants Sheehan and Miller deny the same.

## IX. THE COMMISSION'S FINDINGS

**A.      Respondents' Manipulative OCL Strategy**

**1.      Overview**

55.      Paragraph 55 alleges that the Commission made certain findings with respect to defendants Sheehan and Miller.  Pursuant to this Court's Order of March 30, 2018, this action is not an APA review of an administrative order.  Rather, this action is a de novo review of the law and facts involved, and therefore, no response is required to allegations of Commission findings.  However, to the extent a response is required to any underlying factual allegations, defendants Sheehan and Miller deny such allegations.   Defendants Sheehan and Miller deny the remaining allegations in Paragraph 55.

56.      Defendants Sheehan and Miller deny the allegations in Paragraph 56.

57.      Paragraph 57 alleges that the Commission made certain findings with respect to defendants Sheehan and Miller.  Pursuant to this Court's Order of March 30, 2018, this action is not an APA review of an administrative order.  Rather, this action is a de novo review of the law and facts involved, and therefore, no response is required to allegations of Commission findings.  However, to the extent a response is required to any underlying factual allegations, defendants Sheehan and Miller deny such allegations.   Defendants Sheehan and Miller deny the remaining allegations in Paragraph 57.

58.      Paragraph 58 alleges that the Commission made certain findings with respect to defendants Sheehan and Miller.  Pursuant to this Court's Order of March 30, 2018, this action is not an APA review of an administrative order.  Rather, this action is a de novo review of the law and facts involved, and therefore, no response is required

to allegations of Commission findings.  However, to the extent a response is required to any underlying factual allegations, defendants Sheehan and Miller deny such allegations.

59.     Paragraph 59 alleges that the Commission made certain findings with respect to defendants Sheehan and Miller.  Pursuant to this Court's Order of March 30, 2018, this action is not an APA review of an administrative order.  Rather, this action is a de novo review of the law and facts involved, and therefore, no response is required to allegations of Commission findings.  However, to the extent a response is required to any underlying factual allegations, defendants Sheehan and Miller deny such allegations.

60.     Paragraph 60 alleges that the Commission made certain findings with respect to defendants Sheehan and Miller.  Pursuant to this Court's Order of March 30, 2018, this action is not an APA review of an administrative order.  Rather, this action is a de novo review of the law and facts involved, and therefore, no response is required to allegations of Commission findings.  However, to the extent a response is required to any underlying factual allegations, defendants Sheehan and Miller deny such allegations.

61.     Paragraph 61 alleges that the Commission made certain findings with respect to defendants Sheehan and Miller.  Pursuant to this Court's Order of March 30, 2018, this action is not an APA review of an administrative order.  Rather, this action is a de novo review of the law and facts involved, and therefore, no response is required to allegations of Commission findings.  However, to the extent a response is required to

any underlying factual allegations, defendants Sheehan and Miller deny such allegations.

62.     Paragraph 62 alleges that the Commission made certain findings with respect to defendants Sheehan and Miller.  Pursuant to this Court's Order of March 30, 2018, this action is not an APA review of an administrative order.  Rather, this action is a de novo review of the law and facts involved, and therefore, no response is required to allegations of Commission findings.  However, to the extent a response is required to any underlying factual allegations, defendants Sheehan and Miller deny such allegations.

63.     Paragraph 63 alleges that the Commission made certain findings with respect to defendants Sheehan and Miller.  Pursuant to this Court's Order of March 30, 2018, this action is not an APA review of an administrative order.  Rather, this action is a de novo review of the law and facts involved, and therefore, no response is required to allegations of Commission findings.  However, to the extent a response is required to any underlying factual allegations, defendants Sheehan and Miller deny such allegations.

64.     Paragraph 64 alleges that the Commission made certain findings with respect to defendants Sheehan and Miller.  Pursuant to this Court's Order of March 30, 2018, this action is not an APA review of an administrative order.  Rather, this action is a de novo review of the law and facts involved, and therefore, no response is required to allegations of Commission findings.  However, to the extent a response is required to any underlying factual allegations, defendants Sheehan and Miller deny such allegations.

65. Paragraph 65 alleges that the Commission made certain findings with respect to defendants Sheehan and Miller. Pursuant to this Court's Order of March 30, 2018, this action is not an APA review of an administrative order. Rather, this action is a de novo review of the law and facts involved, and therefore, no response is required to allegations of Commission findings. However, to the extent a response is required to any underlying factual allegations, defendants Sheehan and Miller deny such allegations.

## 2. Respondents' Three Categories of OCL Strategy Trading

### a. SouthImp-SouthExp

66. Paragraph 66 alleges that the Commission made certain findings with respect to defendants Sheehan and Miller. Pursuant to this Court's Order of March 30, 2018, this action is not an APA review of an administrative order. Rather, this action is a de novo review of the law and facts involved, and therefore, no response is required to allegations of Commission findings. However, to the extent a response is required to any underlying factual allegations, defendants Sheehan and Miller deny such allegations.

67. Paragraph 67 alleges that the Commission made certain findings with respect to defendants Sheehan and Miller. Pursuant to this Court's Order of March 30, 2018, this action is not an APA review of an administrative order. Rather, this action is a de novo review of the law and facts involved, and therefore, no response is required to allegations of Commission findings. However, to the extent a response is required to any underlying factual allegations, defendants Sheehan and Miller deny such allegations. Defendants Sheehan and Miller deny any remaining allegations in Paragraph 67.

68.     Paragraph 68 alleges that the Commission made certain findings with respect to defendants Sheehan and Miller.  Pursuant to this Court's Order of March 30, 2018, this action is not an APA review of an administrative order.  Rather, this action is a de novo review of the law and facts involved, and therefore, no response is required to allegations of Commission findings.  However, to the extent a response is required to any underlying factual allegations, defendants Sheehan and Miller deny such allegations.

69.     Paragraph 69 alleges that the Commission made certain findings with respect to defendants Sheehan and Miller.  Pursuant to this Court's Order of March 30, 2018, this action is not an APA review of an administrative order.  Rather, this action is a de novo review of the law and facts involved, and therefore, no response is required to allegations of Commission findings.  However, to the extent a response is required to any underlying factual allegations, defendants Sheehan and Miller deny such allegations.

70.     Paragraph 70 alleges that the Commission made certain findings with respect to defendants Sheehan and Miller.  Pursuant to this Court's Order of March 30, 2018, this action is not an APA review of an administrative order.  Rather, this action is a de novo review of the law and facts involved, and therefore, no response is required to allegations of Commission findings.  However, to the extent a response is required to any underlying factual allegations, defendants Sheehan and Miller deny such allegations.

71.     Paragraph 71 alleges that the Commission made certain findings with respect to defendants Sheehan and Miller.  Pursuant to this Court's Order of March 30,

2018, this action is not an APA review of an administrative order.  Rather, this action is a de novo review of the law and facts involved, and therefore, no response is required to allegations of Commission findings.  However, to the extent a response is required to any underlying factual allegations, defendants Sheehan and Miller deny such allegations.  Defendants Sheehan and Miller deny any remaining allegations in Paragraph 71.

72.    Paragraph 72 alleges that the Commission made certain findings with respect to defendants Sheehan and Miller.  Pursuant to this Court's Order of March 30, 2018, this action is not an APA review of an administrative order.  Rather, this action is a de novo review of the law and facts involved, and therefore, no response is required to allegations of Commission findings.  However, to the extent a response is required to any underlying factual allegations, defendants Sheehan and Miller deny such allegations.

### a.    NCMPAImp-NCMPAExp

73.    Paragraph 73 alleges that the Commission made certain findings with respect to defendants Sheehan and Miller.  Pursuant to this Court's Order of March 30, 2018, this action is not an APA review of an administrative order.  Rather, this action is a de novo review of the law and facts involved, and therefore, no response is required to allegations of Commission findings.  However, to the extent a response is required to any underlying factual allegations, defendants Sheehan and Miller deny such allegations.

74.    Paragraph 74 alleges that the Commission made certain findings with respect to defendants Sheehan and Miller.  Pursuant to this Court's Order of March 30, 2018, this action is not an APA review of an administrative order.  Rather, this action is

a de novo review of the law and facts involved, and therefore, no response is required to allegations of Commission findings. However, to the extent a response is required to any underlying factual allegations, defendants Sheehan and Miller deny such allegations.

75.     Paragraph 75 alleges that the Commission made certain findings with respect to defendants Sheehan and Miller. Pursuant to this Court's Order of March 30, 2018, this action is not an APA review of an administrative order. Rather, this action is a de novo review of the law and facts involved, and therefore, no response is required to allegations of Commission findings. However, to the extent a response is required to any underlying factual allegations, defendants Sheehan and Miller deny such allegations.

76.     Paragraph 76 alleges that the Commission made certain findings with respect to defendants Sheehan and Miller. Pursuant to this Court's Order of March 30, 2018, this action is not an APA review of an administrative order. Rather, this action is a de novo review of the law and facts involved, and therefore, no response is required to allegations of Commission findings. However, to the extent a response is required to any underlying factual allegations, defendants Sheehan and Miller deny such allegations.

Defendants Sheehan and Miller are without knowledge or information sufficient to form a belief as to the truth of the allegation that the Commission reviewed evidence, or what evidence, if any, the Commission reviewed, and therefore, deny the same.

77.     Paragraph 77 alleges that the Commission made certain findings with respect to defendants Sheehan and Miller. Pursuant to this Court's Order of March 30,

2018, this action is not an APA review of an administrative order.  Rather, this action is a de novo review of the law and facts involved, and therefore, no response is required to allegations of Commission findings.  However, to the extent a response is required to any underlying factual allegations, defendants Sheehan and Miller deny such allegations.

78.     Paragraph 78 alleges that the Commission made certain findings with respect to defendants Sheehan and Miller.  Pursuant to this Court's Order of March 30, 2018, this action is not an APA review of an administrative order.  Rather, this action is a de novo review of the law and facts involved, and therefore, no response is required to allegations of Commission findings.  However, to the extent a response is required to any underlying factual allegations, defendants Sheehan and Miller deny such allegations.

79.     Paragraph 79 alleges that the Commission made certain findings with respect to defendants Sheehan and Miller.  Pursuant to this Court's Order of March 30, 2018, this action is not an APA review of an administrative order.  Rather, this action is a de novo review of the law and facts involved, and therefore, no response is required to allegations of Commission findings.  However, to the extent a response is required to any underlying factual allegations, defendants Sheehan and Miller deny such allegations.

### a.      38 Other OCL Strategy Paths

80.     Paragraph 80 alleges that the Commission made certain findings with respect to defendants Sheehan and Miller.  Pursuant to this Court's Order of March 30, 2018, this action is not an APA review of an administrative order.  Rather, this action is a de novo review of the law and facts involved, and therefore, no response is required

to allegations of Commission findings.  However, to the extent a response is required to any underlying factual allegations, defendants Sheehan and Miller deny such allegations.

81.    Paragraph 81 alleges that the Commission made certain findings with respect to defendants Sheehan and Miller.  Pursuant to this Court's Order of March 30, 2018, this action is not an APA review of an administrative order.  Rather, this action is a de novo review of the law and facts involved, and therefore, no response is required to allegations of Commission findings.  However, to the extent a response is required to any underlying factual allegations, defendants Sheehan and Miller deny such allegations.  Defendants Sheehan and Miller are without knowledge or information sufficient to form a belief as to the truth of the allegation that the Commission analyzed trade data and other evidence, or what trade data or evidence, if any, the Commission reviewed, and therefore, deny the same.

82.    Paragraph 82 alleges that the Commission made certain findings with respect to defendants Sheehan and Miller.  Pursuant to this Court's Order of March 30, 2018, this action is not an APA review of an administrative order.  Rather, this action is a de novo review of the law and facts involved, and therefore, no response is required to allegations of Commission findings.  However, to the extent a response is required to any underlying factual allegations, defendants Sheehan and Miller deny such allegations.

83.    Paragraph 83 alleges that the Commission made certain findings with respect to defendants Sheehan and Miller.  Pursuant to this Court's Order of March 30, 2018, this action is not an APA review of an administrative order.  Rather, this action is

a de novo review of the law and facts involved, and therefore, no response is required to allegations of Commission findings.  However, to the extent a response is required to any underlying factual allegations, defendants Sheehan and Miller deny such allegations.

84.    Paragraph 84 alleges that the Commission made certain findings with respect to defendants Sheehan and Miller.  Pursuant to this Court's Order of March 30, 2018, this action is not an APA review of an administrative order.  Rather, this action is a de novo review of the law and facts involved, and therefore, no response is required to allegations of Commission findings.  However, to the extent a response is required to any underlying factual allegations, defendants Sheehan and Miller deny such allegations.  Allegations in Paragraph 84 as to indicia considered when considering potential violations constitute legal conclusions to which no response is required. Defendants Sheehan and Miller deny the remaining allegations in Paragraph 84.

### 3.    Additional Findings Regarding The Manipulative Scheme

#### a.    Respondents Had Notice That Their OCL Strategy Was Fraudulent

85.    Paragraph 85 alleges that the Commission made certain findings with respect to defendants Sheehan and Miller.  Pursuant to this Court's Order of March 30, 2018, this action is not an APA review of an administrative order.  Rather, this action is a de novo review of the law and facts involved, and therefore, no response is required to allegations of Commission findings.  In addition, the allegations in Paragraph 85 constitute legal conclusions to which no response is required.  However, to the extent a response is required to any underlying factual allegations, defendants Sheehan and Miller deny such allegations.

86.    Paragraph 86 alleges that the Commission made certain findings with respect to defendants Sheehan and Miller.  Pursuant to this Court's Order of March 30, 2018, this action is not an APA review of an administrative order.  Rather, this action is a de novo review of the law and facts involved, and therefore, no response is required to allegations of Commission findings.  In addition, certain allegations in Paragraph 86 constitute legal conclusions to which no response is required.  However, to the extent a response is required to any underlying factual allegations, defendants Sheehan and Miller deny such allegations.  Defendants Sheehan and Miller deny the remaining allegations in Paragraph 86.

87.    Paragraph 87 alleges that the Commission made certain findings with respect to defendants Sheehan and Miller.  Pursuant to this Court's Order of March 30, 2018, this action is not an APA review of an administrative order.  Rather, this action is a de novo review of the law and facts involved, and therefore, no response is required to allegations of Commission findings.  In addition, certain allegations in Paragraph 87 constitute legal conclusions to which no response is required.  However, to the extent a response is required to any underlying factual allegations, defendants Sheehan and Miller deny such allegations.  Defendants Sheehan and Miller lack knowledge and information sufficient to form a belief as to the truth of the allegation regarding what information the market monitor had and when, and therefore, deny the same.

### 4.    Respondents Acted With Scienter

88.    Paragraph 88 alleges that the Commission made certain findings with respect to defendants Sheehan and Miller.  Pursuant to this Court's Order of March 30, 2018, this action is not an APA review of an administrative order.  Rather, this action is a de novo review of the law and facts involved, and therefore, no response is required

to allegations of Commission findings.  In addition, certain allegations in Paragraph 88 constitute legal conclusions to which no response is required.  However, to the extent a response is required to any underlying factual allegations, defendants Sheehan and Miller deny such allegations.  Defendants Sheehan and Miller lack knowledge or information sufficient to form a belief as to the truth of the allegations as to what evidence or arguments the Commission examined, if any, and therefore, deny the same.

89.    Paragraph 89 alleges that the Commission made certain findings with respect to defendants Sheehan and Miller.  Pursuant to this Court's Order of March 30, 2018, this action is not an APA review of an administrative order.  Rather, this action is a de novo review of the law and facts involved, and therefore, no response is required to allegations of Commission findings.  However, to the extent a response is required to any underlying factual allegations, defendants Sheehan and Miller deny such allegations.

90.    Paragraph 90 alleges that the Commission made certain findings with respect to defendants Sheehan and Miller.  Pursuant to this Court's Order of March 30, 2018, this action is not an APA review of an administrative order.  Rather, this action is a de novo review of the law and facts involved, and therefore, no response is required to allegations of Commission findings.  However, to the extent a response is required to any underlying factual allegations, defendants Sheehan and Miller deny such allegations.

91.    Paragraph 91 alleges that the Commission made certain findings with respect to defendants Sheehan and Miller.  Pursuant to this Court's Order of March 30,

2018, this action is not an APA review of an administrative order.  Rather, this action is a de novo review of the law and facts involved, and therefore, no response is required to allegations of Commission findings.  However, to the extent a response is required to any underlying factual allegations, defendants Sheehan and Miller deny such allegations.

### 5.    The Commission Has Jurisdiction to Impose Penalties Here

92.    Paragraph 92 alleges that the Commission made certain findings with respect to defendants Sheehan and Miller.  Pursuant to this Court's Order of March 30, 2018, this action is not an APA review of an administrative order.  Rather, this action is a de novo review of the law and facts involved, and therefore, no response is required to allegations of Commission findings.  In addition, Paragraph 92 includes legal conclusions to which no response is required.  However, to the extent a response is required to any underlying factual allegations, defendants Sheehan and Miller deny such allegations.

### 6.    Each Individual Respondent Carried Out and Participated in a Joint Scheme

93.    Paragraph 93 alleges that the Commission made certain findings with respect to defendants Sheehan and Miller.  Pursuant to this Court's Order of March 30, 2018, this action is not an APA review of an administrative order.  Rather, this action is a de novo review of the law and facts involved, and therefore, no response is required to allegations of Commission findings.  However, to the extent a response is required to any underlying factual allegations, defendants Sheehan and Miller deny such allegations.

94.     Paragraph 94 alleges that the Commission made certain findings with respect to defendants Sheehan and Miller.  Pursuant to this Court's Order of March 30, 2018, this action is not an APA review of an administrative order.  Rather, this action is a de novo review of the law and facts involved, and therefore, no response is required to allegations of Commission findings.  However, to the extent a response is required to any underlying factual allegations, defendants Sheehan and Miller deny such allegations.

95.     Paragraph 95 alleges that the Commission made certain findings with respect to defendant Sheehan.  Pursuant to this Court's Order of March 30, 2018, this action is not an APA review of an administrative order.  Rather, this action is a de novo review of the law and facts involved, and therefore, no response is required to allegations of Commission findings.  However, to the extent a response is required to any underlying factual allegations, defendants Sheehan and Miller deny such allegations.

96.     Paragraph 96 alleges that the Commission made certain findings with respect to defendants Sheehan and Miller.  Pursuant to this Court's Order of March 30, 2018, this action is not an APA review of an administrative order.  Rather, this action is a de novo review of the law and facts involved, and therefore, no response is required to allegations of Commission findings.  However, to the extent a response is required to any underlying factual allegations, defendants Sheehan and Miller deny such allegations.

97.     Paragraph 97 alleges that the Commission made certain findings with respect to defendants Sheehan and Miller.  Pursuant to this Court's Order of March 30,

2018, this action is not an APA review of an administrative order. Rather, this action is a de novo review of the law and facts involved, and therefore, no response is required to allegations of Commission findings. In addition, defendants Sheehan and Miller need not respond to the allegations in Paragraph 97 because they are not allegations against Shawn Sheehan or Jeff Miller.

98.     Paragraph 98 alleges that the Commission made certain findings with respect to defendant Miller. Pursuant to this Court's Order of March 30, 2018, this action is not an APA review of an administrative order. Rather, this action is a de novo review of the law and facts involved, and therefore, no response is required to allegations of Commission findings. However, to the extent a response is required to any underlying factual allegations, defendant Miller denies such allegations. Defendant Sheehan need not respond to the allegations in Paragraph 95 because they are not allegations against Shawn Sheehan.

**B.     Coaltrain's False and Misleading Statements**

99.     Paragraph 99 alleges that the Commission made certain findings with respect to defendants Sheehan and Miller. Pursuant to this Court's Order of March 30, 2018, this action is not an APA review of an administrative order. Rather, this action is a de novo review of the law and facts involved, and therefore, no response is required to allegations of Commission findings. In addition, Paragraph 99 includes legal conclusions to which no response is required. However, to the extent a response is required to any underlying factual allegations, defendants Sheehan and Miller deny such allegations.

100.  Paragraph 100 constitutes legal conclusions to which no response is required from defendants Sheehan and Miller.  In addition, defendants Sheehan and Miller deny that the allegations in Paragraph 100 completely and accurately states the law applicable to this matter.  To the extent that Paragraph 100 is construed as alleging a violation of any law or obligation, defendants Sheehan and Miller deny the allegation.

101.  Paragraph 101 alleges that the Commission made certain findings. Pursuant to this Court's Order of March 30, 2018, this action is not an APA review of an administrative order.  Rather, this action is a de novo review of the law and facts involved, and therefore, no response is required to allegations of Commission findings. In addition, Paragraph 101 includes legal conclusions to which no response is required. Defendants Sheehan and Miller need not respond to allegations in Paragraph 101 regarding Coaltrain because they are not allegations against defendants Sheehan or Miller.

102.  Paragraph 102 alleges that the Commission made certain findings. Pursuant to this Court's Order of March 30, 2018, this action is not an APA review of an administrative order.  Rather, this action is a de novo review of the law and facts involved, and therefore, no response is required to allegations of Commission findings. In addition, defendants Sheehan and Miller need not respond to allegations in Paragraph 102 that are not allegations against defendants Sheehan or Miller. Defendant Sheehan denies the remaining allegations in Paragraph 102.

103.  Paragraph 103 alleges that the Commission made certain findings. Pursuant to this Court's Order of March 30, 2018, this action is not an APA review of an administrative order.  Rather, this action is a de novo review of the law and facts

involved, and therefore, no response is required to allegations of Commission findings. In addition, defendants Sheehan and Miller need not respond to allegations in Paragraph 103 that are not allegations against defendants Sheehan or Miller. Defendant Sheehan denies that Paragraph 103 provides a complete and accurate description of the referenced email. Defendant Miller lacks knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 103 and, therefore, denies the same. Defendant Sheehan lacks knowledge and information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 103 and, therefore, denies the same.

104. Paragraph 104 alleges that the Commission made certain findings with respect to defendants Sheehan and Miller. Pursuant to this Court's Order of March 30, 2018, this action is not an APA review of an administrative order. Rather, this action is a de novo review of the law and facts involved, and therefore, no response is required to allegations of Commission findings. However, to the extent a response is required to any underlying factual allegations, defendant Sheehan denies such allegations. In addition, defendants Sheehan and Miller need not respond to allegations in Paragraph 104 that are not allegations against defendants Sheehan or Miller. Defendants Sheehan and Miller lack knowledge and information sufficient to form a belief as to the truth of allegations as to when and how Enforcement staff "discovered" the information referenced in Paragraph 104, and therefore, deny the same.

105. Paragraph 105 alleges that the Commission made certain findings. Pursuant to this Court's Order of March 30, 2018, this action is not an APA review of an administrative order. Rather, this action is a de novo review of the law and facts

involved, and therefore, no response is required to allegations of Commission findings. To the extent a response is required, defendants Sheehan and Miller deny the allegations in Paragraph 105.

106.    Paragraph 106 alleges that the Commission made certain findings. Pursuant to this Court's Order of March 30, 2018, this action is not an APA review of an administrative order.  Rather, this action is a de novo review of the law and facts involved, and therefore, no response is required to allegations of Commission findings. To the extent the allegations in Paragraph 106 are directed at defendants Sheehan and Miller, they deny the same.

107.    Paragraph 107 alleges that the Commission made certain findings. Pursuant to this Court's Order of March 30, 2018, this action is not an APA review of an administrative order.  Rather, this action is a de novo review of the law and facts involved, and therefore, no response is required to allegations of Commission findings. In addition, certain allegations in Paragraph 107 constitute legal conclusions to which no response is required.  Defendants Sheehan and Miller need not respond to allegations in Paragraph 107 that are not allegations against defendants Sheehan or Miller.  To the extent that Paragraph 107 is construed as alleging a violation of any law or obligation, defendants Sheehan and Miller deny the allegation.

**C.    Remedies and Sanctions**

108.    The allegations in Paragraph 108 constitute legal conclusions to which no response is required.  To the extent a response is required, defendants Sheehan and Miller deny the allegations in Paragraph 108.

109.  Paragraph 109 alleges that the Commission made certain findings. Pursuant to this Court's Order of March 30, 2018, this action is not an APA review of an administrative order.  Rather, this action is a de novo review of the law and facts involved, and therefore, no response is required to allegations of Commission findings. However, to the extent a response is required to any underlying factual allegations, defendants Sheehan and Miller deny such allegations.  In addition, defendants Sheehan and Miller need not respond to allegations in Paragraph 109 that are not allegations against defendants Sheehan or Miller.

110.  Paragraph 110 alleges that the Commission made certain findings. Pursuant to this Court's Order of March 30, 2018, this action is not an APA review of an administrative order.  Rather, this action is a de novo review of the law and facts involved, and therefore, no response is required to allegations of Commission findings. In addition, certain allegations in Paragraph 110 constitute legal conclusions to which no response is required.  However, to the extent a response is required to any underlying factual allegations, defendant Sheehan denies such allegations.  Defendant Miller need not response to allegations in Paragraph 110 that are not allegations against Jeff Miller.

111.  Defendants Sheehan and Miller lack knowledge and information sufficient to form a belief as to the truth of the allegation as to what, if any, evidence the Commission examined and, therefore, deny the same.  Paragraph 111 alleges that the Commission made certain findings with respect to defendants Sheehan and Miller. Pursuant to this Court's Order of March 30, 2018, this action is not an APA review of an administrative order.  Rather, this action is a de novo review of the law and facts involved, and therefore, no response is required to allegations of Commission findings.

In addition, certain allegations in Paragraph 111 constitute legal conclusions to which no response is required.  However, to the extent a response is required to any underlying factual allegations, defendants Sheehan and Miller deny such allegations.  Defendants Sheehan and Miller need not respond to allegations in Paragraph 111 that are not allegations against Shawn Sheehan and Jeff Miller.

112.    Paragraph 112 alleges that the Commission made certain findings. Pursuant to this Court's Order of March 30, 2018, this action is not an APA review of an administrative order.   Rather, this action is a de novo review of the law and facts involved, and therefore, no response is required to allegations of Commission findings. In addition, certain allegations in Paragraph 111 constitute legal conclusions to which no response is required.  However, to the extent a response is required to any underlying factual allegations, defendant Sheehan denies such allegations.  Defendants Sheehan and Miller need not respond to allegations in Paragraph 111 that are not allegations against Shawn Sheehan and Jeff Miller.

## X. FIRST CLAIM FOR RELIEF

**(Against Coaltrain, Peter Jones, Shawn Sheehan, Robert Jones, Jack Wells, and Jeff Miller for Violating FPA Section 222, 16 U.S.C. § 824v, and 18 C.F.R. § 1c.2)**

113.    Defendants Sheehan and Miller repeat answers to Paragraphs 1 through 112, as if set forth fully herein.

114.    The allegations in Paragraph 114 constitute legal conclusions to which no response is required.

115.    The allegations in Paragraph 115 constitute legal conclusions to which no response is required.

116. Certain allegations in Paragraph 116 constitute legal conclusions to which no response is required. Defendants Sheehan and Miller deny the remaining allegations in Paragraph 116.

117. Defendants Sheehan and Miller need not respond to allegations in Paragraph 117 that are not allegations against Shawn Sheehan or Jeff Miller. To the extent that the allegations in Paragraph 117 are directed at defendants Sheehan and Miller, they deny the same.

## XI. SECOND CLAIM FOR RELIEF

## (Against Coaltrain for Violating 18 C.F.R. § 35.41(b))

118. Defendants Sheehan and Miller repeat answers to Paragraphs 1 through 112 and Paragraphs 113 through 117, as if set forth fully herein.

119. The allegations in Paragraph 119 constitute legal conclusions to which no response is required.

120. The allegations in Paragraph 120 constitute legal conclusions to which no response is required. In addition, defendants Sheehan and Miller need not respond to allegations against Coaltrain.

121. The allegations in Paragraph 121 constitute legal conclusions to which no response is required. In addition, defendants Sheehan and Miller need not respond to allegations against Coaltrain. To the extent the allegations in Paragraph 121 are directed at defendants Sheehan and Miller, they deny the same.

## XII. JURY DEMAND

122. Defendants Sheehan and Miller state that Plaintiff is not entitled to the relief demanded as to defendants Sheehan and Miller and, having fully answered,

defendants Sheehan and Miller pray that this action against them be dismissed and that they be granted such other relief as the Court deems just and appropriate.

123.    Should the Court determine to proceed with a trial on any issue in this proceeding, defendants Sheehan and Miller request a trial by jury on all issues so triable.

### XIII. AFFIRMATIVE DEFENSES

Defendants Sheehan and Miller assert the following affirmative and other defenses. By alleging the defenses set forth below, defendants Sheehan and Miller do not agree or concede that either or both of them bear the burden of proof or the burden of persuasion with regard to any of these issues, in whole or in part.

### FIRST DEFENSE

Plaintiff fails to state a claim upon which relief can be granted against defendants Sheehan and Miller or to allege facts sufficient to state a claim for relief against defendants Sheehan and Miller.

### SECOND DEFENSE

Plaintiff's first claim for Relief is barred because FERC lacks jurisdiction over the UTC trades at issue.  The FPA does not grant FERC authority to pursue manipulation claims based on financial transactions that do not result in the actual delivery of physical power.  The UTC transactions at issue did not result in the actual delivery of physical power.

### THIRD DEFENSE

The conduct of defendants Sheehan and Miller was at all times relevant to the allegations in the Complaint compliant with all applicable tariffs, statutes, and regulations.

## FOURTH DEFENSE

Plaintiff's alleged claims against defendants Sheehan and Miller are barred, in whole or in part, by the doctrine of estoppel.

## FIFTH DEFENSE

Plaintiff has waived any alleged claims against defendants Sheehan and Miller.

## SIXTH DEFENSE

Plaintiff is barred from any recovery against defendants Sheehan and Miller by the doctrine of laches and undue delay in notifying defendants Sheehan and Miller of the allegations against them.  Plaintiff still has not articulated the specific allegations against defendants Sheehan and Miller.

## SEVENTH DEFENSE

Any alleged injury or harm alleged was, in whole or in part, the legal fault of persons, firms, corporation, or entities other than defendants Sheehan and Miller.  The legal fault of such other persons, firms, corporations, or entities reduces the percentage of responsibility, if any, which may be borne by defendants Sheehan and Miller.

## EIGHTH DEFENSE

Plaintiff is barred from any recovery against defendants Sheehan and Miller by reason of procedural due process and the doctrine of Fair Notice.  Market participants had no opportunity to conform their conduct to the standard alleged, and the definition of fraud is void for vagueness.

## NINTH DEFENSE

Plaintiff is barred from any recovery against defendants Sheehan and Miller by reason of substantive due process and the prohibition on arbitrary and capricious action by administrative agencies.

## TENTH DEFENSE

Plaintiff is barred from any recovery against defendants Sheehan and Miller because the actions complained of by FERC were specifically contemplated and approved in FERC tariffs and orders.

## ELEVENTH DEFENSE

The claims against defendants Sheehan and Miller are barred because they are not "entities" subject to FERC's jurisdiction.

## TWELFTH DEFENSE

Plaintiff is barred from any recovery against defendants Sheehan and Miller because it has failed to plead fraud with particularity as required by Rule 9(b) of the Federal Rules of Civil Procedure.

## THIRTEENTH DEFENSE

Plaintiff's claims are barred by Filed Rate Doctrine.

## FOURTEENTH DEFENSE

Defendants Sheehan and Miller adopt any and all defenses of, or claimed by, co-defendants to the extent they are applicable to defendants Sheehan and Miller.

## DEFENSES RESERVED

Defendants Sheehan and Miller reserve the right to amend their answer to add additional defenses based on legal theories that may be divulged through clarification of

the Complaint, through discovery, through change or clarification of the governing law or through further legal analysis of Plaintiff's position in this proceeding.

## PRAYER FOR RELIEF

**WHEREFORE**, defendants Sheehan and Miller deny that FERC is entitled to any relief and respectfully requests that the Court enter:

A.     A judgment dismissing with prejudice FERC's Complaint and denying all claims therein for relief against them;

B.     An order awarding  fees pursuant to 28 U.S.C. § 2412(d)(1)(A); and

C.     Such other relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Defendants Sheehan and Miller hereby demand a trial by jury on all issues triable as such.

Dated: May 7, 2018

Joseph B. Williams (Admitted *Pro Hac Vice)*
NORTON ROSE FULBRIGHT US LLP
799 9th Street, NW, Suite 1000
Washington, DC 20001
Tel: (202) 662-0200
Fax: (202) 662-4643
joseph.williams@nortonrosefulbright.com

Bill Leone (Admitted *Pro Hac Vice)*
NORTON ROSE FULBRIGHT US LLP
Tabor Center, 1200 17th Street
Denver, Colorado 80202
Tel: (303) 801-2700
Fax: (303) 801-2777
william.leone@nortonrosefulbright.com

Respectfully submitted,

/s/ Vladimir P. Belo
D. Michael Crites (Ohio 0021333)
(Trial Attorney)
Vladimir P. Belo (Ohio 0071334)
DINSMORE & SHOHL LLP
191 West Nationwide Boulevard
Suite 300
Columbus, Ohio 43215
Tel: (614) 628-6934
Fax: (614) 628-68901
michael.crites@dinsmore.com
vladimir.belo@dinsmore.com

*Counsel for*
*Shawn Sheehan & Jeff Miller*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and accurate copy of the foregoing *Answer* was electronically filed on May 7, 2018, with the Clerk of Court using the CM/ECF system, which will send notification of such filing to all parties' counsel of record.

*/s/ Vladimir P. Belo*
Vladimir P. Belo
