UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Federal Energy Regulatory
Commission,

        Plaintiff,                   Case No. 2:16-cv-732

      v.                             Judge Michael H. Watson

Coaltrain Energy, L.P., *et al.*,      Magistrate Judge Jolson

        Defendants.

## OPINION AND ORDER

Pursuant to the Court's prior order, ECF No. 109, the parties submitted briefs on whether the Federal Energy Regulatory Commission ("FERC") may properly pursue joint and several liability and disgorgement against Coaltrain Energy, L.P., Peter Jones, Shawn Sheehan, Jeff Miller, Robert Jones, and Jack Wells (collectively, "Defendants"). ECF Nos. 111, 113, 114. For the following reasons, the Court concludes that FERC **MAY NOT PURSUE** those remedies in this Court.

### I.    BACKGROUND

The Court thoroughly described the facts of this case in its prior order, ECF No. 103. In summary, FERC is an administrative agency that ensures the just and reasonable prices of wholesale electricity. Compl. ¶ 7, ECF No. 1. It alleges that Defendants violated federal laws by manipulating and defrauding the national energy market. *See generally, id*. In July 2016, FERC filed its

Complaint requesting the Court "review, affirm, and enforce the Commission's May 27, 2016 order," which imposed civil penalties and disgorgement, both individually and on a joint-and-several basis. *Id.* ¶¶ 124–32, ECF No. 1.

## II. DISCUSSION

Defendants argue that FERC lacks the statutory authority to pursue either joint and several liability or a disgorgement award. Brief, ECF No. 111; Reply, ECF No. 114. FERC insists that § 309 of the Federal Power Act ("FPA") grants it broad authority to craft remedies and impose orders as it sees fit, including joint and several liability and disgorgement. Resp., ECF No. 113. FERC supports its position with considerable caselaw and compelling arguments. *Id.* However, the Court need not decide whether § 309 would allow these two remedies because the Court lacks jurisdiction to review orders imposed under § 309.

Section 309 is contained in 16 U.S.C. § 825h. 16 U.S.C. § 825 *et seq.* is subchapter III of Chapter 12, which provides for federal regulation and development of power and establishes FERC. 16 U.S.C. Ch. 12. 16 U.S.C. § 825*l* creates a mechanism for parties to get judicial review of an unfavorable FERC order. It provides as follows:

> Any party to a proceeding under this chapter aggrieved by an order issued by the Commission in such proceeding may obtain a review of such order in the *United States court of appeals* for any circuit wherein the licensee or public utility to which the order relates is located or has its principal place of business, or in the United States Court of Appeals for the District of Columbia . . .

16 U.S.C. § 825*l* (emphasis added).  The statute does not provide for review in the district courts.  *Id.*  In other words, the United States courts of appeals generally have exclusive jurisdiction over parties' objections to FERC's orders.  *See City of Tacoma v. Taxpayers of Tacoma*, 357 U.S. 320, 336 (1958) (explaining that in enacting 16 U.S.C. § 825*l*, Congress "prescribed the specific, complete and exclusive mode for judicial review of the Commission's orders," and concluding that "all objections to the [Commission's] order . . . must be made in the Court of Appeals or not at all"); *Mokdad v. Lynch*, 804 F.3d 807, 813 (6th Cir. 2015) (discussing *City of Tacoma* and observing that 16 U.S.C. § 825*l* "vested in the court of appeals exclusive jurisdiction for judicial review of orders of [FERC]").  Thus, to the extent that FERC attempts to use its powers under § 309 to impose disgorgement or joint and several liability against Defendants, this Court lacks jurisdiction to review such an award.  *See Ogle v. Columbia Gas Transmission, LLC*, 513 F. App'x 520, 522 (6th Cir. 2013) (affirming the district court's dismissal of claims against FERC for lack of subject-matter jurisdiction under an analogous procedure in the Natural Gas Act and noting "[t]hat procedure vests exclusive jurisdiction to review a FERC certificate in the appropriate court of appeals").

An exception to this scheme is found in 16 U.S.C. § 823b.  That statute relates to the imposition of civil penalties and does not include language about other kinds of remedies.  *See* 16 U.S.C. § 823b.  The statute provides two methods for judicial review of civil penalties.  If the *party* against whom the

penalty is assessed seeks judicial review, they may commence an action in the appropriate United States court of appeals. 16 U.S.C. § 823b(d)(2)(B). Contrastingly, if the *Commission* seeks to enforce a civil penalty against a party who does not comply with the Commissioner's order, the Commission may institute an action in the appropriate United States district court. 16 U.S.C. § 823b(d)(3)(B).

The plain language of 16 U.S.C. § 823b applies only to subchapter I, which relates to water power and resources. *See, e.g.*, 16 U.S.C. § 823b(a). However, 16 U.S.C. § 825*o*-1 provides that "[a]ny person who violates any provision of subchapter II or any provision of any rule or order thereunder shall be subject to a civil penalty." Section 825*o*-1 further provides that the procedures of § 823b apply to penalties imposed under § 825*o*-1. *See* 16 U.S.C. § 825*o*-1. Thus, if FERC imposes a civil penalty for a person's violation of a provision of subchapter II (or of a rule made pursuant thereof), a district court may review that civil penalty. To summarize, then, if a person violates a provision of either subchapter I or subchapter II, FERC may impose a civil penalty and trigger the procedures outlined in 16 U.S.C. § 823b.

In this case, FERC alleges that Defendants violated a provision of subchapter II and rules promulgated thereunder.[1] Compl. ¶¶ 113–121, ECF No.

---

[1] The Complaint alleges that Defendants violated 16 U.S.C. § 824v, 18 C.F.R. § 1c.2, and 18 C.F.R. § 35.41(b). Both regulations were implemented pursuant to, *inter alia*, provisions in subchapter II. *See* 18 C.F.R. § 1c.2; 18 C.F.R.§ 35.41(b). Thus,

1. So, the applicable procedures for this case are those for civil penalties, as described in 16 U.S.C. § 825o-1 and 16 U.S.C. § 823b. Underscoring this conclusion is FERC's Complaint, which specifies that it is asking this Court to enforce the Commissioner's 2016 order, pursuant to 16 U.S.C. § 823b. See Compl., ECF No. 1.

Neither disgorgement nor joint and several liability are civil penalties. See Tull v. United States, 481 U.S. 412, 424 (1987) (observing that disgorgement is "a remedy only for restitution, [which is] a more limited form of relief than a civil [penalty]"); S.E.C. v. Free, No. 06-14891, 2011 WL 5143201, at *3 (E.D. Mich. Oct. 31, 2011) ("Unlike disgorgement, imposition of civil penalty requires a court to consider defendant's financial condition.") (internal citation omitted); Coats v. Penrod Drilling Corp., 61 F.3d 1113, 1134 (5th Cir. 1995) (discussing the "remedy of joint and several liability"). Thus, this Court may not enforce a disgorgement award under its 16 U.S.C. § 823b authority. Similarly, an award seeking joint and several liability is outside this Court's jurisdiction. So, even assuming that FERC has the power to seek disgorgement or joint and several liability under § 309, it must do so via the procedures described in subchapter III.[2]

---

Defendants' alleged violations all stem from subchapter II provisions. See 16 U.S.C. Ch. 12.

[2] Subchapter III, which contains § 309, has its own enforcement provisions that allow FERC to apply to a United States district court for a writ a mandamus "commanding any person to comply with the provisions of this chapter or any rule, regulation, or order of the Commission thereunder." 16 U.S.C. § 825m. Thus, if FERC had wanted to enforce a remedy devised under § 309, it could have employed the procedures described in 16 U.S.C. § 825m, rather than filing its Complaint pursuant to 16 U.S.C. § 823b.

FERC argues that, even if the Court determines that FERC lacks the statutory authority to seek either of these remedies, the Court has independent authority to impose both. The Court agrees that it has equitable powers to craft various remedies. *Cf. Swann v. Charlotte-Mecklenburg Bd. of Ed.*, 402 U.S. 1, 15 (1971) ("Once a right and a violation have been shown, the scope of a district court's equitable powers to remedy past wrongs is broad, for breadth and flexibility are inherent in equitable remedies."). However, that power cannot contravene statutory directives. *See Law v. Siegel*, 571 U.S. 415, 421 (2014) ("Courts' inherent sanctioning powers are likewise subordinate to valid statutory directives and prohibitions."). Here, as discussed above, Congress limited the district courts' power when reviewing FERC orders to civil liabilities. Accordingly, the Court will not extend its powers to craft remedies beyond the borders Congress drew for these types of cases.

### III. CONCLUSION

For these reasons, the Court concludes it lacks the jurisdiction to review an award issued pursuant to § 309 seeking joint and several liability or disgorgement. If FERC wishes to pursue those awards, it must follow the procedures outlined in 16 U.S.C. § 825*l*. Because FERC commenced this action pursuant to 16 U.S.C. § 823b, which does not allow for joint and several liability or disgorgement, the Court will not enforce those remedies through this action. The Clerk is **DIRECTED** to terminate ECF No. 111.

**IT IS SO ORDERED.**

/s/ Michael H. Watson
**MICHAEL H. WATSON, JUDGE**
**UNITED STATES DISTRICT COURT**